**Joe Nathan JOHNSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7938.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1959.

Decided Oct. 15, 1959.

William F. Davis, Suffolk, Va., for appellant.

Sam D. Eggleston, Jr., Asst. U. S. Atty., Norfolk, Va. (John M. Hollis, U. S. Atty., Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and FIELD, District Judge.

PER CURIAM.

Appellant was indicted under a four count indictment charging him with having custody and control of an unregistered distilling apparatus, carrying on the business of a distiller without giving bond, making and causing to be fermented about 5,245 gallons of mash, and having in his possession a quantity of untaxed spirits. The trial was before the Court without a jury.

The government's evidence was that on the morning of March 19, 1959, eight state and federal officers placed themselves near a still in Norfolk County, Virginia. The still had been under surveillance since about 6:30 a. m. and the raid was made sometime shortly after 7:15 a. m. An agent of the Alcohol and Tobacco Tax Division, Internal Revenue Service, was the only officer who saw the defendant and two other men in or near the still site prior to the raid. The other officers were unable to see who was at the still site. The still was in operation at the time of the raid and three or four gallons of untaxed whiskey had been run from the 5,245 gallons of mash which were on hand. The government's witness testified that the defendant and the two other men who were later apprehended were seen working around the still, from which steam was rising, when the witness first observed them.

Defendant denied that he was working at the still and attempted to explain his presence at the still site by saying that he just happened upon the still while searching the wooded area for a pig that had escaped from his pigpen located "two or three blocks" from the still site.

■ The primary question in this case is whether the accused's explanation of his presence at the still site was so unsatisfactory that the court below was justified in rejecting it. To a large extent, this depends upon the credibility of the witnesses who testified. It is the duty of the trier of facts to hear the evidence, to determine the credibility of the witnesses and to determine the weight to be accorded to the testimony of each witness. Obviously the trial judge disbelieved the evidence offered by the accused in explanation of his presence at the still site. The manner of reviewing the sufficiency of evidence to sustain a conviction is the same whether the defendant is tried before a judge or before a jury. See United States v. McCarthy, 7 Cir., 1952, 196 F.2d 616; Jelaza v. United States, 4 Cir., 1950, 179 F.2d 202.

■ We are unable to say, as a matter of law, that the evidence does not sustain the verdict of guilty.

Affirmed.