Homer Richard ROBBINS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6616.

United States Court of Appeals Tenth Circuit. April 24, 1961.

282

Cleon A. Summers, Muskogee, Okl. (Harold R. Shoemake, Muskogee, Okl., was with him on the brief), for appellant.

Harry G. Fender, Muskogee, Okl. (Frank D. McSherry and Paul M. Brewer, Muskogee, Okl., were with him on brief), for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and SAVAGE, District Judge.

MURRAH, Chief Judge.

The appellant-defendant appeals from a judgment and sentence based upon a jury verdict finding him guilty on four counts of having unlawful possession of an unregistered still, being a distiller without bond, working at a still not bearing an appropriate sign, and making or fermenting mash. See 26 U.S.C. §§ 5179, 5173(b), 5180, 5601(a) (1), (4) and (7). He now asserts that the evidence is insufficient to support the verdict.

It appears from the record that the defendant was apprehended by government officers at the still site. There is also evidence that immediately prior to his arrest, he was observed at the still, pouring liquid into one of the fermentation tanks which was later found to contain "spent mash".

The statute stating the enumerated offenses chargeable for violation of the distilled spirits provisions also erects certain evidential presumptions in favor of guilt, based upon the factum of presence at the still site. 26 U.S.C. § 5601 (a) and (b). Specifically it is provided as to each offense charged herein that the presence of the defendant at the still site "shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury * * *." The defendant here did attempt to explain his presence at the site by stating that the still was unknown to him prior to the day in question, and he accidentally came upon it while tending cattle and inspecting his fences. The explanation, however, was for the jury and it found against defendant on all four counts. And, in our view, there is substantial evidence to sustain the verdict as to each count in the indictment. See Reynolds v. United States, 10 Cir., 1961, 289 F.2d 698; Corbin v. United States, 10 Cir., 253 F.2d 646; Choate v. United States, 6 Cir., 277 F.2d 804; Johnson v. United States, 4 Cir., 276 F.2d 84; Johnson v. United States, 6 Cir., 271 F.2d 596; McIntire v. United States, 10 Cir., 217 F.2d 663.

In addition, appellant asserts that the court erred in instructing the jury on certain inconsistencies between the government's proof at the trial and at the preliminary hearing. The court said, " * * * the fact that the officer didn't say everything in the transcript that he says here today doesn't mean that he hasn't told the truth both times. So, I give you that now just to let you understand that there isn't any vital difference between the testimony here and in the preliminary hearing when you consider the testimony in the hearing." It was made plain to the jurors, however, that they were free to weigh the evidence and apply the law thereto. The statements made by the court properly served to assist the jury toward an "intelligent understanding of the legal and factual issues involved", Tyler v. Dowell,

Inc., 10 Cir., 274 F.2d 890, 897, and they were in no way prejudicial to the defendant. Cf. Billeci v. United States, 87 U.S. App.D.C. 274, 184 F.2d 394, 24 A.L.R.2d 881.

The judgment is affirmed.