Ethics; disciplinary rules of the American Bar Association; dual role of advocate and witness. — On April 25, 1975, the court issued the following order:
Before skeltoN, Judge, Presiding, kxtNzig and beNNett, Judges.
*889 “Defendant appeals pursuant to Buie 58(c) (2) (ii) from a trial judge’s order filed March 17,1975, denying defendant’s ‘Motion for an Order Clarifying the Status of Counsel for Plaintiff.’ Defendant argues in its motion that plaintiff’s counsel should be disqualified from further participation in the case to prevent an alleged imminent violation of Disciplinary Bules 5-101 and 5-102 of the ABA Code of Professional Besponsibility. These Disciplinary Buies state that, with certain exceptions, counsel should not serve as both counsel and material witness in contemplated or pending litigation.[1] The trial judge, while declining to disqualify plaintiff’s counsel, expressly declined to take any position on whether the Disciplinary Buies were being violated and deferred this question for the consideration of an appropriate bar association at some later time and place.
“Plaintiff commenced this action on December 2,1971, seeking a refund of income taxes paid, plus interest, for the tax year ending December 31,1963. Defendant’s answer was filed on March 30, 1972. Pursuant to the standard pretrial order on liability, plaintiff, on or about January 23, 1973, filed its pretrial submission wherein it listed as proposed witnesses, inter alia, Burton W. Kanter, Esquire, Calvin Eisenberg, *890 Esquire, and Eobert Levin, Esquire. Mr. Kanter is attorney of record for plaintiff in this litigation. Mr. Eisenberg and Mr. Levin are members of the same law firm with which Mr. Kanter is associated, i.e., Levenfeld, Kanter, Baskes & Lip-pitz, of Chicago, Illinois.[2] Pretrial submissions were completed on or about May 10, 1973, and attempts to settle and/or stipulate, and further discovery followed. On January 10,1975, defendant first raised the issue of the propriety of plaintiff’s counsel serving also as material fact witnesses on the question of whether a timely claim for refund was filed by plaintiff. The motion in question was filed on February 18,1975.
“The Eules prohibiting, with stated exceptions, counsel’s acting in the dual role of advocate and witness, protect both-the client and the public interest.[3] Plaintiff, the client, has indicated in a letter before the court that it is fully aware of potential prejudice arising out of the anticipated dual role of its counsel, but implores his counsel to continue to represent him nevertheless because of his extensive work over a long period on the case and familiarity with it. He states that ‘to lose your firm as trial counsel at this stage would be a blow of incalculable proportions to our prospects of obtaining a fair settlement or a just disposition of our claim.’ Defendant achieves no personal gain from disqualification of plaintiff’s counsel and thus is acting in the public interest.
*891 “We believe that the court, in an appropriate case, has a responsibility to examine an allegation of violation of professional ethics and to uphold the integrity of the legal process. Cf. Emle Industries, Inc. v. Patentex, Inc., 478 F. 2d 562, 564-65 (2d Cir. 1973); Richardson v. Hamilton Internal Corp., 469 F. 2d 1882, 1385 (3d Cir. 1972), cert. denied, 411 U.S. 986 (1973). The Canons of Professional Responsibility are applicable to proceedings in this court, and we have inherent power to assist in their enforcement. In the instant case, an appeal pursuant to our Rule 53 (c) (2) (ii) is appropriate, for if we refused to consider an appeal until after trial, the harm, if any, to the public interest would already be done. Disqualification of plaintiff’s counsel on appeal after trial would be a manifest waste of the resources of the parties and the court and unfair to plaintiff.
“After consideration of the Disciplinary Rules, the trial judge’s order, and the briefs of the parties, we have concluded, without oral argument, that, under the particular facts of this case, as they have been presented to us, counsel for plaintiff fall within the fourth exception to those Rules, supra, and that as a result counsel’s anticipated dual role at trial is not a violation of the Rules.[4] The trial judge will evaluate the credibility of the witness and his testimony as he will for others who appear before him. We consider that the question left is one of the weight to be accorded the testimony, having-decided it may be received.
“Defendant wasted more than 2 years after having been apprised of plaintiff’s counsel’s intent to testify in this case before seeking clarification of his status. During this period extensive pretrial investigations went forward, and other preparations were made for trial. Disqualification of plaintiff’s counsel at this junction would thus ‘work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel’ in the case.[5] Accordingly,
“it is ordered that the trial judge’s order be and is affirmed as modified herein.”

 In pertinent part, Disciplinary Rules 5-101 and 5-102 state:
DR 5-101 Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.
(A) * * *
(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
(1) If the testimony will relate solely to an uncontested matter.
(2) If the testimony will relate solely to a matter of formality and there is no Teason to believe that substantial evidence will be offered in opposition to the testimony.
(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
DR 5-102 Withdrawal as Counsel When the Lawyer Becomes a Witness.
(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5 — 101(B) (1) through (4).”

 Plaintiffs present Intention is apparently to use only Mr. Eisenberg as a -witness.

 See, i.e., Erwin M. Jennings Co. v. DiGenovo, 141 A. 866, 868 (Sup. Ct. of Errors of Conn. 1928):
* * * Our rule is founded upon our belief that it is unfair to tbe client that bis case should be presented through witnesses whom the trier will necessarily treat as interested, not only through the zeal of advocacy, but also through interest in the result of the trial, instead of as witnesses without self-interest or other zeal than that of the ordinary witness. It is also and primarily founded upon the obvious dictate of public policy, which requires that the profession of the law shall be practiced so as to avoid the bringing of distrust and suspicion upon its members who serve as witnesses in establishing the facts of a complaint or defense, and then as advocates in pressing home to the trier the truth of their statement as witnesses. Our court has always looked with great disfavor upon the giving of testimony by an attorney who is a participant in the trial of the cause in which he is a witness for the reason that we hold it to be against sound public policy and the integrity and welfare of the profession of the law that the attorney should be at one and the same time the advocate and material witness for his client. * * *

 Counsel for plaintiff assert that they iall within the other exceptions as well. We find it unnecessary to reach that question. We also find it unnecessary to reach plaintiff’s argument concerning the possible impact of the Freedom of Information Act.

 Trial, having been twice previously postponed, is now set for May 14-16, 1975.