ANDREW M. STEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stein v. Commissioner
Docket No. 17293-86
United States Tax Court
T.C. Memo 1990-378; 1990 Tax Ct. Memo LEXIS 396; 60 T.C.M. (CCH) 211; T.C.M. (RIA) 90378; July 24, 1990, Filed *396 An order will be issued granting the respondent's motion. Andrew M. Stein, pro se. Douglas S. Polsky and Dorothy W. Westover, for the respondent. WHALEN, Judge. WHALEN
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court to decide respondent's motion to dismiss for lack of jurisdiction. The issue *397 for decision is whether this Court lacks jurisdiction under section 6213(a) because petitioner filed his petition more than 90 days after respondent mailed the notice of deficiency. (All section references are to the Internal Revenue Code, as amended.) As a preliminary matter, we note that petitioner raises three evidentiary objections in his brief. First, he renews objection on hearsay grounds to the admission into evidence of a document attached as a joint exhibit to the stipulation of facts, described therein as "a copy of the first page of the Statutory Notice of Deficiency." Second, he also renews objection on hearsay grounds to the admission into evidence of various documents to which he describes as "any and all documents objected to by the petitioner as hearsay." We note that all of the documents introduced in respondent's case, with only two exceptions, were attached as joint exhibits to the stipulation of facts and no hearsay objection was reserved in the stipulation. The two documents which were not attached to the stipulation were received into evidence without objection by petitioner. It appears, therefore, that all of the documents which are the subject of petitioner's *398 post-trial hearsay objections were stipulated to by petitioner. Under these circumstances, petitioner's first and second objections are overruled. Rule 91(d), Tax Court Rules of Practice and Procedure; see Foster v. Commissioner, 80 T.C. 34, 135 (1983), affd. in part and vacated in part on other grounds 756 F.2d 1430 (9th Cir. 1985), cert. denied 474 U.S. 1055 (1986); Garcia v. Commissioner, T.C. Memo. 1989-106. Petitioner's third evidentiary objection is that the testimony of one of respondent's witnesses concerning the procedures utilized in mailing notices of deficiency should be stricken due to the witness's lack of "credibility and lack of knowledge and understanding as to preparations of statutory notice of deficiencies [sic]." Petitioner's objection goes to the weight of the subject testimony, which the Court has taken into account, and not to its admissibility. See In re Kenosha Auto Transport Corporation, 206 Ct.Cl. 888, 891 (1975); Johnson v. United States, 271 F.2d 596, 597 (4th Cir. 1959); Ellison v. Frank, 245 F.2d 837, 839 (9th Cir. 1957). Accordingly, *399 petitioner's request to strike the subject testimony is denied. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are so found. The Stipulation of Facts and attached exhibits are incorporated herein by this reference. Petitioner and his former spouse, Ms. Nanette Stein Wood, filed the instant petition to obtain redetermination of the following deficiencies in, and additions to, their Federal income tax: Additions to Tax Under Sections
Year
Deficiencies
6653(a)
6653(a)(1)
6653(a)(2)
6659
1980
$  2,811.00
$ 140.55
n/a
n/a
$   843.30
1981
29,339.00
n/a
1,466.95
*
8,801.70
We note that respondent concedes that the notice of deficiency had not been mailed to Ms. Wood's last known address and is invalid as to her. Accordingly, the petition was previously dismissed as to Ms. Wood. For each of the years at issue, 1980 and 1981, petitioner filed a single return jointly with *400 Ms. Wood on Internal Revenue Service Form 1040. He reported his address on page one of both forms, in the block asking for "present home address," as follows: "5842 Bellflower Blvd, Lakewood, CA 90713" ("Lakewood address"). Shortly after petitioner's 1981 return was filed, he again used the Lakewood address on an Application for Tentative Refund filed for taxable year 1980 on Internal Revenue Service Form 1045. He used the Lakewood address again on his 1982 Federal income tax return but the record does not reveal the date on which that return was filed. The Lakewood address was actually petitioner's business address, not his home address. However, nothing on petitioner's 1980, 1981, or 1982 returns, or the Form 1045 filed by him, shows that the Lakewood address was a business address. On or about December 24, 1984, petitioner filed an application for employer identification number with the Internal Revenue Service on IRS Form SS-4. Petitioner gave as his "reason for applying" for an employer identification number the fact that he had "started a new business." Petitioner described the "nature of [his] principal business activity" as "attorney" and he listed "9746 Maple Street, *401 Bellflower, CA 90706" ("Bellflower address") as the "address of [his] principal place of business." Petitioner included his social security number on the form, as requested "if sole proprietor." In due course, petitioner received a notice dated January 10, 1985, from the Internal Revenue Service assigning a new employer identification number to petitioner's business. Among other things, the notice says that the new employer identification number "will be used to identify your business account and related tax returns and documents * * *." Petitioner filed both his 1983 and 1984 Federal income tax returns on or about April 14, 1985. He reported the Bellflower address as his address on both returns. However, the parties agree, and we find, that these returns were not filed in sufficient time to have given respondent notice of petitioner's Bellflower address prior to mailing the notice of deficiency on the following day. Petitioner's former spouse, Ms. Wood, filed her 1983 Federal income tax return with the Internal Revenue Service Center located in Andover, Maryland, on December 14, 1984, and reported her address as "100-17 Hope St., Fairfield, Ct. 06906." She did not file her *402 return for 1982 until May 3, 1985. Respondent did not mail a separate notice of deficiency to Ms. Wood at her Fairfield, Connecticut, address. Before mailing the notice of deficiency to petitioner, respondent requested and received a computer IDRS Master File Transcript ("ACTRA") under petitioner's taxpayer identification number for taxable years 1978, 1979, 1980, and 1981. ACTRA is a command code used to retrieve information from respondent's master file computer. The ACTRA printout was obtained under petitioner's taxpayer identification number on the 13th week of 1985 (March 24-30) and reflected the Lakewood address as petitioner's latest address. This address had been updated on the 35th week of 1982 (August 22-28). Petitioner never received the notice of deficiency which respondent mailed to him on April 15, 1985, at the Lakewood address. However, he did receive a final notice letter from the Internal Revenue Service dated April 25, 1986, demanding payment of the subject deficiencies for taxable years 1980 and 1981. The letter had been sent to petitioner's Bellflower address. He filed the petition in this case on June 2, 1986. At that time, he resided in Bellflower, *403 California. OPINION In his motion to dismiss, respondent claims to have determined the subject deficiencies in a notice of deficiency mailed to petitioner and his former spouse at the Lakewood address on April 15, 1985, and that the petition was not filed until June 2, 1986, approximately 413 days later. Accordingly, he asserts that the Court is without jurisdiction to entertain the petition, pursuant to section 6213(a). Petitioner argues that respondent's motion to dismiss should be denied. In support of that position, he alleges that the notice of deficiency either was not mailed by respondent, or was mishandled by respondent's employees or the United States Postal Service. He also alleges that respondent failed to exercise due diligence in ascertaining his last known address and failed to mail the notice of deficiency to that address. Petitioner does not specifically argue that the notice of deficiency is invalid as to him, although that position might follow from his allegation that the notice was not mailed or, at least, was not mailed to his last known address. In order to *404 invoke the deficiency jurisdiction of this Court, section 6213(a) requires a taxpayer to file a petition for redetermination of the deficiency within 90 days "after the notice of deficiency authorized in section 6212 is mailed." The Court will not dismiss a petition as untimely, unless respondent first establishes that he mailed a notice of deficiency to petitioner and proves the date on which the notice was mailed. Pietanza v. Commissioner, 92 T.C. 729, 736 (1989); August v. Commissioner, 54 T.C. 1535, 1536 (1970). To satisfy the above burden of proof in this case, respondent introduced a copy of the subject notice of deficiency from his administrative file. He also introduced testimonial evidence about the normal procedures used, circa 1985, by respondent's office in the Laguna Niguel District, California, for preparing and mailing notices of deficiency. Those procedures culminated with a certified mail list which was prepared by the Examination Division of the Laguna Niguel District to record and document the mailing of the notice of deficiency. Respondent introduced a copy of a certified mail list which states that "statutory notices of deficiency *405 for the tax year(s) indicated have been sent to the following taxpayers," including petitioner and his former spouse. The list purports to show that on April 15, 1985, ten notices were taken by respondent to the Laguna Niguel Branch of the Laguna Beach Post Office. It further shows that one of the notices, article number 353960, was sent to petitioner and his former spouse at the Lakewood address for the years 1980 and 1981. Finally, the certified mail list contains the handwritten words "10 Rec: 4-15-85," followed by certain initials. The certified mail list introduced into evidence by the parties as a stipulated exhibit is similar to, and appears to perform the same function as, Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail. Petitioner does not suggest otherwise. We accept the certified mail list stipulated by the parties in this case as direct evidence of both the fact and date of mailing, and as sufficient to establish proper mailing of the notice of deficiency, absent contrary evidence. See United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984), cert. denied 469 U.S. 830 (1984); United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976); *406 Coleman v. Commissioner, 94 T.C. 82, 91 (1990); Magazine v. Commissioner, 89 T.C. 321, 327 n.8 (1987); Traxler v. Commissioner, 63 T.C. 534, 536 (1975); Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974); cf. O'Hare v. Commissioner, T.C. Memo. 1985-320. Petitioner argues that respondent failed to meet his burden of proving that the notice of deficiency was properly mailed on April 15, 1985. He asks the Court to infer that there were "irregularities in the preparation of the Petitioner's statutory notice of deficiency and that there is a substantial possibility that said statutory notice of deficiency was never placed in an envelope and mailed to the Petitioner." According to petitioner, that inference can be drawn from the fact that he did not receive the notice, the fact that the envelope containing the notice was not returned to the Internal Revenue Service as undeliverable, the fact that respondent's retained copy of the notice shows that a correction was made using white correction fluid, and the fact that April 15th is "the busiest *407 day of the year for the U.S. Postal Service." In effect, petitioner focuses principally on the fact that he did not receive the notice of deficiency and asks the Court to infer that it was not properly mailed by respondent on April 15, 1985. We decline to draw this inference. To the contrary, as noted above, the certified mail list is direct evidence that the notice was mailed to petitioner on April 15, 1985. United States v. Zolla, supra at 810. We are not willing to lightly disregard the certified mail list, especially where none of the facts on which petitioner relies contradicts a finding that the notice was properly mailed. Moreover, petitioner's argument overlooks the fact that the statute places the risk of nondelivery of the notice of deficiency, mailed to the last known address, on the taxpayer. Sec. 6212(b)(1). "The statute authorizes respondent to send the notice by certified mail or registered mail and, in the case of an income tax deficiency, it provides that the notice "shall be sufficient" "if mailed to the taxpayer at his last known address." Sec. *408 6212(a) and (b)(1). Thus, if the notice is properly mailed to the taxpayer's last known address by respondent, it is valid even if the taxpayer does not receive it. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); Monge v. Commissioner, 93 T.C. 22, 33 (1989). In light of the statute, it would be incongruous for the Court to infer that the notice was not mailed or was improperly mailed based upon events which occurred after respondent placed the notice in the mail, such as the fact that petitioner did not receive the notice, the alleged fact that it was mishandled by the Postal Service on a busy day, or the fact that the undelivered envelope was not returned to the Internal Revenue Service. We have rejected similar arguments in the past. See, e.g., Trimble v. Commissioner, T.C. Memo. 1989-419. Petitioner makes much of the fact that a correction, using white correction fluid, was evidently made on the copy of the notice of deficiency retained in respondent's files. The notice states, among other *409 things, that respondent determined on addition to tax under section 6653(a)(2) for the year 1981. The correction on the notice is contained in a footnote to that determination. The footnote states as follows: "**NOTE: 50% of the interest due on $ 29,339.00." Specifically, it is apparent that the amount, "$ 29,339.00," was changed on respondent's copy of the notice. Under respondent's standard procedures, a notice is usually retyped if a mistake is found and the version of the notice bearing the mistake is usually not sent to the taxpayer. It is contrary to respondent's normal procedures for his retained copy of the notice to contain the correction described above. However, we can not reasonably conclude therefrom "that there is a substantial possibility that said statutory notice of deficiency was never placed in an envelope and mailed to the Petitioner." The correction on the notice pertains to the amount of tax on which an addition under section 6653(a)(2) was determined, not to any information material to the mailing of the notice, such as the date of mailing, petitioner's name, or his address. Moreover, *410 the standard procedures used by respondent are intended to insure proper mailing of the notice of deficiency, but they are not rules of law. See Keado v. United States, supra at 1214. Minor procedural irregularities do not invalidate a notice or preclude a finding of proper mailing. See Keado v. Commissioner, supra at 1213-14; see, e.g., Epstein v. Commissioner, T.C. Memo. 1989-498; Blair v. Commissioner, T.C. Memo. 1989-454; Byk v. Commissioner, T.C. Memo. 1983-516. The certified mail list bears a Postal Service postmark and shows that 10 pieces of certified mail, including one addressed to petitioner, were received by the Postal Service on April 15, 1985. The correction made to the dollar figure on petitioner's notice does not contradict the above proof of mailing. In our view, respondent has submitted sufficient and persuasive evidence of mailing, and we find that the statutory notice of deficiency was properly mailed to petitioner at the Lakewood address on April 15, 1985. Petitioner's next argument is that respondent failed to mail the notice of deficiency to his "last known address," as required *411 by section 6212, and failed to exercise reasonable care and diligence in ascertaining his correct address and in mailing the notice of deficiency to that address. Petitioner cites Johnson v. Commissioner, 611 F.2d 1015 (5th Cir. 1980), revg. and remanding T.C. Memo. 1977-382, and argues that his application for an employer identification number, and the fact that he was contacted by a revenue officer at the Bellflower address prior to the mailing date of the notice of deficiency, show that respondent "failed to use due diligence." Petitioner also argues that respondent "intentionally failed to use any diligence" until after the 90-day period within which he was required to file his petition in the Court. He alleges that respondent "ignored" Ms. Wood's new address and thereby intended to avoid locating petitioner. Significantly, petitioner does not contend that he gave respondent clear and concise notification of a change of address when he filed the application for an employer identification number for his law practice or at any other time. Petitioner's position is limited to the contention that respondent failed "to prove that the statutory notice *412 of deficiency was sent to petitioner's last known address" and that respondent failed "to prove due diligence in ascertaining respondent's [sic] last known address." The phrase "last known address" is not defined by the Code or regulations. In deciding what constitutes a taxpayer's last known address, this and other courts have focused on the Commissioner's knowledge, rather than on what in fact may have been the taxpayer's actual address. Monge v. Commissioner, supra at 27; Pyo v. Commissioner, 83 T.C. 626, 633 (1984). Generally, the last known address of a taxpayer is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. Monge v. Commissioner, supra at 27-28; see, e.g., United States v. Ahrens, supra at 785. Respondent is required to exercise reasonable care and diligence in ascertaining a taxpayer's last known address. King v. Commissioner, supra at 679; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), *413 affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Nevertheless, he is entitled to treat the address shown on a taxpayer's most recently filed and processed income tax return as the taxpayer's last known address, in the absence of clear and concise notice of a change of address,and is deemed to have exercised due diligence in doing so. King v. Commissioner, supra at 679; United States v. Zolla , supra at 810; Monge v. Commissioner, supra at 28; Abeles v. Commissioner, 91 T.C. 1019 (1988); see Frieling v. Commissioner, 81 T.C. 42, 49 (1983). In this case, petitioner's 1980, 1981, and 1982 Federal income tax returns use the Lakewood address, the same address to which respondent mailed the notice of deficiency. Petitioner's 1983 and 1984 returns, which use the Bellflower address, were not filed until April 14, 1985, one day before the subject notice of deficiency was mailed. The 1983 and 1984 returns, therefore, did not give respondent notice of the Bellflower address prior to mailing the subject notice of deficiency, and the parties have so stipulated. Accordingly, *414 in mailing the subject notice of deficiency, respondent was entitled to treat the Lakewood address, the address from petitioner's most recently filed and processed returns, as petitioner's last known address and respondent exercised reasonable diligence in doing so, unless petitioner had given him clear and concise notification of the Bellflower address in some manner other than by filing the 1983 and 1984 returns. King v. Commissioner, supra; Monge v. Commissioner, supra ; Abeles v. Commissioner, supra; Frieling v. Commissioner, supra.
As mentioned above, however, petitioner does not claim to have given respondent clear and concise notification of a change of address in any manner. Rather, he cites Johnson v. Commissioner, supra, and argues that the notice of deficiency should be invalidated on the ground that respondent failed to prove that he exercised reasonable diligence in ascertaining petitioner's last known address. We disagree. We have three principal difficulties with petitioner's argument. First, petitioner misperceives the burden of proof which respondent *415 must bear as a predicate for moving to dismiss an untimely petition. In our view, respondent has satisfied his burden of proof in this case by showing that the notice of deficiency was properly mailed to the address shown on petitioner's most recently filed and processed income tax return and that the notice was mailed more than 90 days before the petition was filed. E.g., King v. Commissioner, supra at 680; Monge v. Commissioner, supra at 32-34. Abeles v. Commissioner, supra at 1035. If petitioner contends that respondent disregarded clear and concise notification of a different address, or otherwise failed to exercise due diligence, then the burden of proving the facts underlying such contention, rests on petitioner, not respondent. Cyclone Drilling, Inc. v. Kelley, 769 F.2d 662, 664 (10th Cir. 1985); Monge v. Commissioner, supra at 31; Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). Second, petitioner has not shown that respondent acted unreasonably or without *416 due diligence in addressing the notice of deficiency to the Lakewood address. Petitioner asks the Court to make such finding based upon: the fact that petitioner filed an Application for Employer Identification Number, on or about December 24, 1984, using the Bellflower address; the alleged fact that a revenue officer contacted petitioner at the Bellflower address about his 1982 tax liability; and the fact that respondent did not mail a separate notice of deficiency to petitioner's former spouse, Ms. Wood, at her Fairfield, Connecticut, address. We disagree that these facts, either singly or in combination, prove that respondent failed to exercise due diligence in using the Lakewood address. We cannot accept the premise, implicit in petitioner's argument, that filing an application for employer identification number for a particular business carries with it the implication that the taxpayer intends all correspondence from the Internal Revenue Service to be directed to that business address. In our view, there is no necessary connection between the address at which a taxpayer conducts his *417 business and the address which he uses for reporting Federal income taxes. In fact, we suspect that in most cases the addresses are different, rather than the same. Moreover, there is no reference to the Lakewood address on the application form filed by petitioner. Nothing on the form states that the Lakewood address is no longer petitioner's address or is no longer to be used, or that all information concerning petitioner's tax matters should be sent to the Bellflower address. The mere filing of a document with a different address does not constitute clear and concise notice of a change of address. See e.g., Monge v. Commissioner, supra (Forms 4868 and 2688, extension forms); Mollet v. Commissioner, 82 T.C. 618 (1984), affd. 757 F.2d 286 (11th Cir. 1985) (a Tax Court petition); McCormick v. Commissioner , 55 T.C. 138 (1970) (an informal letter advising the IRS of address change); Pritchett v. Commissioner, T.C. Memo. 1986-559 (a letter with new address at the bottom without any comment); Marlin v. Commissioner, T.C. Memo. 1985-600 *418 (Form 2848, power of attorney). The taxpayer must clearly communicate his intention that the new address be used by respondent for tax matters. E.g., King v. Commissioner, supra at 681; Tadros v. Commissioner, 763 F.2d 89, 92 (2d Cir. 1985); Alta Sierra Vista, Inc. v. Commissioner, supra at 374; McCormick v. Commissioner, supra at 141. Otherwise, respondent would be required to undertake the unreasonable administrative burden of systematically recording all address information acquired in any fashion. United States v. Zolla, supra at 811. For example, petitioner's position in this case would require respondent to cross reference every individual taxpayer's account with the address of every business for which respondent received information of a taxpayer's involvement, and further require respondent to select between or among such addresses or to send notices of deficiency to all such addresses. We cannot impose such an unreasonable administrative burden on respondent. See United States v. Zolla, supra at 811. Similarly, even if respondent's agents had *419 contacted petitioner at his new business, as he alleges, that fact would not mean respondent knew or had been put on notice of petitioner's wish that all correspondence concerning his individual income tax liability should be directed to his Bellflower business address. See United States v. Zolla, supra at 811. Taxpayers can, and more often than not do, have different addresses for their residence and their business. The fact that a taxpayer is contacted during the day at his business address does not suggest that his residence address has been changed or is no longer to be used. Furthermore, we do not agree that respondent's failure to mail a separate notice of deficiency to Ms. Wood at her Connecticut address demonstrates respondent's alleged lack of due diligence. See Monge v. Commissioner, supra.Respondent's failure to search his computers for the last known address of one spouse may invalidate a notice of deficiency mailed to that spouse at an incorrect address. Monge v. Commissioner, supra at 29-30; Abeles v. Commissioner, supra at 1037-1038. *420 We do not believe that such failure should invalidate the notice of deficiency as to the other spouse, to whom the notice was mailed at the correct address. See Monge v. Commissioner, supra.
Third, the instant case is distinguishable from Johnson v. Commissioner, 611 F.2d 1015 (5th Cir. 1980), revg. and remanding T.C. Memo. 1977-382, the case on which petitioner principally relies. The Johnson case presented unusual circumstances surrounding the handling of the taxpayer's audit and subsequent "notification" of a tax deficiency. The court noted that the taxpayer had been under investigation for criminal tax violations and that numerous Internal Revenue Service agents had been working with taxpayer's representatives at two addresses listed on a power of attorney which the taxpayer had filed a year and one-half before the notice of deficiency was mailed. Johnson v. Commissioner, supra at 1019. Nevertheless, when respondent's agents issued the notice of deficiency in that case, the power of attorney was missing from the administrative file and no actual notice was given to the taxpayer or to his attorneys. *421 Johnson v. Commissioner, supra at 1019. The court held that respondent failed to exercise reasonable care and diligence by the "negligent mishandling of taxpayer's power of attorney" and, as a consequence, respondent did not ascertain the taxpayer's correct address. Johnson v. Commissioner, supra at 1019. The court emphasized that its holding is "narrowly limited to the peculiar facts and circumstances of this case and is not meant as authority for requiring the Commissioner to adopt new procedures for sending statutory notices of deficiency." Johnson v. Commissioner, supra at 1021. We are inclined to limit the holding in the Johnson case, as instructed by the court, and decline petitioner's invitation to expand that holding to the dissimilar facts presented by this case. For the above reasons, we find that the subject notice of deficiency was properly mailed on April 15, 1985, to petitioner at his last known address as required by section 6212. Petitioner does not dispute the fact that the petition was filed 413 days thereafter. Accordingly, because the petition was not filed within the time required by section *422 6213(a), we hold that this Court lacks jurisdiction and respondent's motion to dismiss must be granted. To reflect the foregoing, An order will be issued granting the respondent's motion. Footnotes
*. 50 percent of interest due on $ 29,339.↩