# United States Tax Court

T.C. Memo. 2023-120

JOEY R. AIKEN AND MELISSA DAWN AIKEN,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 5169-22L.                          Filed September 26, 2023.

————————

Joey R. Aiken and Melissa Dawn Aiken, pro sese.

*Halvor R. Melom* and *Olivia H. Rembach*, for respondent.

## MEMORANDUM OPINION

LANDY, *Special Trial Judge*: In this collection due process (CDP) case, petitioners, Joey R. Aiken and Melissa Dawn Aiken, seek review, pursuant to section 6330(d)(1),[1] of a determination by the Internal Revenue Service (IRS)[2] Independent Office of Appeals[3] (Appeals Office) to uphold the proposed levy action to collect an unpaid federal income

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] We use the term "IRS" to refer to administrative actions taken outside of these proceedings. We use the term "Commissioner" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to actions taken in connection with this case.

[3] On July 1, 2019, the Office of Appeals was renamed the Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001(a), 133 Stat. 981, 983 (2019). We will use the name in effect when the notice of determination was issued, i.e., the Independent Office of Appeals.

**[\*2]** tax liability for their 2016 tax year (year in issue). The Commissioner has moved for summary judgment, contending that there are no disputed issues of material fact, petitioners were precluded from challenging the underlying liability, and the settlement officer did not abuse his discretion when no collection alternative was placed before him. Consequently, the Commissioner concluded that the Appeals Office determination to sustain the proposed levy action was proper as a matter of law. We agree with the Commissioner and will grant summary judgment.

*Background*

The following facts are based on the parties' pleadings and the Commissioner's Motion, including the accompanying Declaration of Halvor R. Melom (Declaration) and Exhibits comprising the administrative record of this CDP proceeding. *See* Rule 121. Petitioners resided in South Carolina when they timely filed their Petition.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for the year in issue. They subsequently filed their 2016 Form 1040X, Amended U.S. Individual Income Tax Return, on December 26, 2018, deducting additional business expenses claimed on Schedule C, Profit and Loss From Business, and further reducing their adjusted gross income and taxable income for year in issue.[4] However, petitioners failed to report on their 2016 Form 1040 or Form 1040X return income reported to the IRS by two third parties, Gannett GP Media, Inc., and Square, Inc., on Forms 1099–MISC, Miscellaneous Income, and 1099–K, Payment Card and Third Party Network Transactions, respectively. The IRS Automated Underreporter (AUR) Program[5] determined a mismatch between the reported income on petitioners' 2016 Form 1040 return and the amount reported on Forms 1099–MISC and 1099–K, respectively, received from third parties.

---

[4] Although it was received by the IRS, the administrative record reflects that the 2016 Form 1040X was not processed before or during this CDP hearing.

[5] The AUR program matches "third-party-reported payment information against [taxpayers'] already-filed" tax return. *Essner v. Commissioner*, T.C. Memo. 2020-23, at \*11. When there is a discrepancy, the AUR program calculates a proposed deficiency based on the statutory scheme and prepares a letter to the taxpayers requesting an explanation for the discrepancy. Service Center Notice 200211040 (Mar. 15, 2002). If the taxpayers do not respond, the program will issue a notice of deficiency. *Id*. If the taxpayers do not respond to the notice of deficiency, the deficiency will be assessed. *Id*.

**[\*3]** The IRS issued notices of deficiency to petitioners, dated June 17, 2019, and mailed to them, by certified mail, at their Liberty, South Carolina, address (Liberty address). The notices of deficiency stated that the IRS determined a deficiency in tax of $7,918 and proposed a substantial understatement accuracy-related penalty, pursuant to section 6662(d), of $1,584. Petitioners did not file a petition with this Court for redetermination of the proposed deficiency and penalty for the year in issue. Accordingly, the IRS made a default assessment of the deficiency and penalty on October 28, 2019.

On March 16, 2020, the IRS sent Form CP92, Seizure of your state tax refund and notice of right to a hearing (levy notice), to petitioners. In response petitioners timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated March 24, 2020. They did not seek a collection alternative, but simply stated that they "filed [an] amendment in 2017 for tax year 2016 and sent the information in needed to [support the] 2016 tax return." Petitioners also checked the box for an equivalent hearing to the extent a CDP hearing was not available.[6]

Petitioners' CDP case was assigned to Settlement Officer Healy (SO Healy). On July 1, 2021, SO Healy sent petitioners a letter scheduling a telephone CDP hearing for July 29, 2021.[7] In this letter, SO Healy stated that although petitioners did not request a collection alternative, they qualified for a Streamlined Installment Agreement (IA) to pay their full federal income tax liability for the year in issue and that for tax year 2017, for which a liability was also due. To initiate the IA without providing financial documents for SO Healy's review, petitioners needed to complete Form 433–D, Installment Agreement, attached to the letter, and return it to SO Healy by July 22, 2021.

Petitioners failed to respond to the letter or call in for the scheduled hearing on July 29, 2021. On July 29, 2021, SO Healy sent petitioners another letter providing them with an additional 14 days from July 29 to submit a completed Form 433–D and any other

---

[6] An equivalent hearing is an administrative hearing in the Appeals Office that may be requested by taxpayers who fail to timely request a CDP hearing. Treas. Reg. § 301.6330-1(i)(1). While an equivalent hearing resembles a CDP hearing, it does not result in a determination subject to this Court's review. *See Craig v. Commissioner*, 119 T.C. 252, 258–59 (2002); Treas. Reg. § 301.6330-1(i)(2), Q&A-I6.

[7] In his scheduling letter, SO Healy advised petitioners that his case research indicated that an adjustment was made to their 2016 Form 1040 return and provided petitioners with copies of their 2016 and 2017 account transcripts for review.

**[\*4]** documentation for consideration. Petitioners failed to seek a rescheduled CDP hearing or otherwise respond to SO Healy. SO Healy reviewed their administrative file and confirmed that they filed an amended tax return for the year in issue. SO Healy also noted that the IRS adjusted petitioners' tax account and made a reduction in additional income tax assessed of $2,522. Receiving no response from petitioners to his July 29 correspondence, SO Healy closed the case.

On January 19, 2022, the IRS issued a Notice of Determination Concerning Collection Actions under IRC Sections 6320 or 6330 (Notice) sustaining the proposed levy action to collect the unpaid income tax for the year in issue. The Notice was mailed by certified mail to petitioners at the Liberty address. The Liberty address is petitioners' address of record with this Court as of the filing of the Petition, and this is the same address petitioners used at all relevant times in corresponding with the IRS.

On February 18, 2022, petitioners filed a Petition seeking review of the Notice. Petitioners stated they mailed a 2016 Form 1040X amended return to the IRS in February 2020, and they inferred that the IRS has not processed it. Petitioners further allege the IRS sent mail to an incorrect address and that they did not "know anything about this [CDP hearing] until January 2021." Petitioners attached a copy of the Notice, an IRS account transcript dated January 25, 2022, and their 2016 Form 1040X amended return dated February 10, 2022, to the Petition.

On December 19, 2022, the Commissioner filed a Motion for Summary Judgment. On December 20, 2022, the Court issued an Order for petitioners to respond to the Motion on or before January 24, 2023, and warned petitioners that their failure to respond could result in a decision entered against them. *See* Rule 121(d). They failed to respond.

*Discussion*

I.    *General Principles*

    A.    *Summary Judgment Standard*

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Rule 121(a) provides that either party may move for summary judgment on all or part of the legal issues in dispute. We may grant summary judgment when there is no genuine dispute of

**[\*5]** material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *see also Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in a light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party may not rest upon mere allegations or denials in its pleadings and must set forth specific facts showing there is a genuine dispute for trial. Rule 121(d); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Under Rule 121(d), if an adverse party does not respond to the motion, then this Court may enter a decision where appropriate against that party. *See Aguirre v. Commissioner*, 117 T.C. 324, 327 (2001). Although ordered to do so, petitioners failed to respond to the Commissioner's Motion, and we could grant the Motion and enter decision on that ground alone. However, the record in this matter shows that the Commissioner is entitled to summary judgment on the merits of the case.

B.    *Hearings Under Section 6330*

Section 6331(a) authorizes the Secretary to levy upon property and taxpayers' rights to property if the taxpayers are liable for taxes and fail to pay those taxes within 10 days after a notice and demand for payment is made. The Secretary is required to notify the taxpayers in writing of their right to a hearing before a levy is made. § 6330(a)(1). However, when the Secretary has served a levy on a state to collect a federal tax liability from a state tax refund there is no requirement under section 6330 for a pre-levy hearing, but the taxpayers shall be given the opportunity for a hearing within a reasonable period after the levy. § 6330(f)(2). We have jurisdiction under section 6330(d) to review the IRS's determination regarding the levy upon petitioners' state tax refund. *See Clark v. Commissioner*, 125 T.C. 108, 110 (2005).

Section 6330 provides procedures for administrative and judicial review of the IRS's proposed levy actions. Any taxpayers receiving a notice of proposed levy may request an administrative hearing with the Appeals Office. The Appeals Office in turn is obliged to verify that the requirements of any applicable law or administrative procedure have been met. § 6330(c)(1), (3)(A). The taxpayers may raise at the administrative hearing any relevant issues relating to the unpaid tax or the collection action, including challenges to the appropriateness of the collection action and offers of collection alternatives. § 6330(c)(2)(A),

[*6] (3)(B). The taxpayers may also raise at the hearing challenges to the existence or amount of the underlying liability if they did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute it. § 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the taxpayers' concern that collection be no more intrusive than necessary. § 6330(c)(3)(C).

### C. *Standard of Review*

Section 6330(d)(1) grants this Court jurisdiction to review the administrative determination by the Appeals Office. However, section 6330(d)(1) does not state the standard of review we should apply in reviewing the IRS's administrative determination in this case. We are guided by our prior caselaw precedents. Where the validity of a taxpayer's underlying liability is at issue, we review the determination de novo. *See Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). We review all other determinations for abuse of discretion. In reviewing for abuse of discretion, we will sustain the Appeals Office's determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

### II. *Underlying Tax Liability*

If we liberally construe their CDP hearing request and Petition, petitioners sought to challenge the underlying tax liability for the year in issue. Taxpayers may challenge the underlying liability in a CDP proceeding if they "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." § 6330(c)(2)(B); *see also* Treas. Reg. § 301.6330-1(e)(3), Q&A-E2. A notice of deficiency is presumed to have been received by the taxpayers if it was properly mailed to them at their last known address. *See Buffano v. Commissioner*, T.C. Memo. 2016-121, at *6–7.

The record at hand reflects that the IRS sent two notices of deficiency for the year in issue to petitioners at their Liberty address on June 17, 2019. Petitioners do not dispute that the Liberty address was their last known address when the notices of deficiency were mailed. *See* § 6212(b)(1). In their Petition, petitioners claim that the IRS sent mail to the wrong address, but they did not provide any additional

[*7] explanation of the alleged erroneous mailings. Attached to the Petition in between pages of the levy notice are two additional pages, each stating one petitioner's name followed by an address in Easley, South Carolina, and a handwritten note stating that the listed address is not petitioners' address. However, the notices of deficiency and the levy notice were mailed to the Liberty address, and the Liberty address is listed as their current address on Form 12153 and their Petition to this Court.

Section 6330(c)(2)(B), unlike section 6212(b), requires receipt of a deficiency notice to be "sufficient." *See Kuykendall v. Commissioner*, 129 T.C. 77, 80 (2007); *Campbell v. Commissioner*, T.C. Memo. 2012-82, 103 T.C.M. (CCH) 1446; *see also* Treas. Reg. § 301.6330-1(e)(3), Q&A-E2, Moreover, the notices of deficiency and USPS Form 3877, Firm Mailing Book for Accountable Mail (PS Form 3877), attached as an Exhibit to the Declaration, both indicate that the notices of deficiency were mailed to petitioners at the Liberty Address. A properly completed PS Form 3877 is direct evidence of both the fact and date of mailing, and in the absence of contrary evidence, is sufficient to establish proper mailing of a notice of deficiency. *See Clough v. Commissioner*, 119 T.C. 183, 187–91 (2002); *Stein v. Commissioner*, T.C. Memo. 1990-378, 60 T.C.M. (CCH) 211; *see also Coleman v. Commissioner*, 94 T.C. 82, 91 (1990). If the aforementioned presumption of receipt is raised and the taxpayers do not rebut the presumption, the Court may find that the taxpayers received the notice of deficiency, thus precluding challenges to the underlying liability under section 6330(c)(2)(B). *See, e.g.*, *Sego*, 114 T.C. at 610–11.

Petitioners did not provide any evidence to rebut the presumption that they received the notices of deficiency at their Liberty address. The Court concludes that petitioners received the notices of deficiency in sufficient time to file a petition with this Court for redetermination of the 2016 deficiency, and they failed to do so. As a result, petitioners had an earlier opportunity to dispute in this Court their tax liability for 2016, and the underlying liability is not properly at issue. *See* § 6330(c)(2)(B). We review the Commissioner's administrative determination for abuse of discretion. *See Pough v. Commissioner*, 135 T.C. 344, 350 (2010); *Goza*, 114 T.C. at 182.

III. *Abuse of Discretion*

In deciding whether the settlement officer abused his discretion in sustaining collection action, we consider whether SO Healy

[*8] (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues petitioners raised; and (3) considered whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioners] that any collection action be no more intrusive than necessary." § 6330(c)(3). Petitioners did not allege in their Petition that SO Healy failed to satisfy the verification or balancing requirements.[8] *See* § 6330(c)(3)(C). Therefore, they have conceded these issues. *See* Rule 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at *19. All the same, there is no dispute as to whether SO Healy properly verified that the requirements of applicable law or administrative procedure have been met, and we find that SO Healy properly considered whether any proposed levy balanced the government's need for the efficient collection of taxes with petitioners' legitimate concern that any collection action be no more intrusive than necessary. Therefore, SO Healy did not abuse his discretion in sustaining the proposed collection action on this basis.

Petitioners proposed no collection alternative. A settlement officer is not obligated to pursue a collection alternative where no such proposal is made. *See McLaine v. Commissioner*, 138 T.C. 228, 243 (2012). Although petitioners did not request a collection alternative on their Form 12153, in the letter scheduling the CDP hearing, dated July 1, 2021, SO Healy informed them that they qualified for an IA and provided Form 433–D for them to complete if they chose to enter into an IA. When a settlement officer gives taxpayers an adequate period to respond, it is not an abuse of discretion for the settlement officer to move forward with a determination after receiving no communication from the taxpayers. *See Maselli v. Commissioner*, T.C. Memo. 2010-19, 99 T.C.M. (CCH) 1089, 1092 (citing *Roman v. Commissioner*, T.C. Memo. 2004-20, 87 T.C.M. (CCH) 835); *cf. Pough*, 135 T.C. at 351 (citing *Shanley v. Commissioner*, T.C. Memo. 2009-17, 97 T.C.M. (CCH) 1062).

SO Healy gave petitioners a deadline of July 22, 2021, to return a completed Form 433–D. After petitioners did not complete Form 433–D or attend the scheduled telephone conference, SO Healy provided an additional two weeks for them to reply or reschedule the CDP

---

[8] The record does indicate that SO Healy verified that the assessment of the section 6662 penalty complied with the section 6751(b)(1) supervisory approval requirement. However, SO Healy was not required to verify such compliance as the section 6662 penalty at issue was "automatically calculated through electronic means" and thus was not subject to section 6751(b)(1). *See* § 6751(b)(2); *Walquist v. Commissioner*, 152 T.C. 61, 70–74 (2019).

**[*9]** hearing. Petitioners simply did not respond. Consequently, SO Healy did not abuse his discretion in sustaining the proposed levy action.

IV.  *Conclusion*

There are no disputes of material fact and judgment may be rendered as a matter of law. Finding no abuse of discretion in any respect, we will grant summary judgment for the Commissioner and sustain the proposed levy action.

To reflect the foregoing,

*An appropriate order and decision will be entered.*