T.C. Memo. 2012-82

UNITED STATES TAX COURT

ALFRED Q. CAMPBELL III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13687-11L.                    Filed March 22, 2012.

Alfred Q. Campbell III, pro se.

<u>Martha Jane Weber</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This case is before the Court on respondent's motion for
summary judgment pursuant to Rule 121 and to impose a penalty pursuant to

section 6673.[1]  The issues we have been asked to decide are:  (1) whether petitioner

is precluded from contesting his underlying Federal income tax liabilities for his

2001, 2002, 2003, 2004, 2005, 2006, and 2007 tax years; (2) whether respondent's

Appeals Office abused its discretion in sustaining respondent's collection actions;

and (3) whether the Court should impose a penalty under section 6673(a)(1).[2]

## Background

The facts set forth below are based upon examination of the pleadings,

moving papers, responses, and attachments.  At the time he filed his petition,

petitioner resided in Tennessee.

Petitioner failed to file income tax returns for his 2001, 2002, 2003, 2004,

2005, 2006, and 2007 tax years (years in issue).  Respondent therefore prepared a

substitute for return with respect to each of the years in issue.  On February 16,

2010, via certified mail, respondent mailed to petitioner a notice of deficiency with

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Because we decide below that there is a genuine issue of material fact as to whether petitioner refused delivery of the notices of deficiency and therefore whether petitioner is entitled to contest his underlying liabilities, we will deny respondent's motion for summary judgment and his motion for imposition of a penalty pursuant to sec. 6673 and will decide these issues at trial.

respect to each of the years in issue. As shown on the Postal Service Form 3877 attached to respondent's motion, respondent mailed separate copies of those notices of deficiency to petitioner's post office box and to his street address in Cordova, Tennessee. Petitioner's post office box address is the address petitioner used in his correspondence with respondent's Appeals Office and with this Court. According to a USPS.com "Track & Confirm" printout supplied by respondent, a notice was left at petitioner's addresses on February 18, 2010. However, petitioner did not claim the notices of deficiency, and they were returned to respondent marked "unclaimed".

On or about November 22, 2010, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, advising petitioner that respondent intended to levy to collect petitioner's unpaid tax liabilities, penalties, and interest for the years in issue, which at the time totaled almost $800,000. On December 21, 2010, petitioner requested a collection due process hearing by submitting to respondent a completed Form 12153, Request for a Collection Due Process or Equivalent Hearing.

On February 23, 2011, Settlement Officer Darlene Macaulay mailed petitioner a letter informing him that she had scheduled a telephone conference for March 29, 2011. She advised him that although he had requested a face-to-face

hearing, he was ineligible for a face-to-face hearing because his account was not current and because he had not supplied the information required for the Appeals Office to consider a collection alternative. The letter also informed petitioner that because he had failed to claim the notices of deficiency mailed by respondent, he had already forfeited his opportunity to contest the underlying liabilities. Ms. Macaulay advised petitioner that if he wished the Appeals Office to consider collection alternatives, he needed to: file his tax returns for 2007, 2008, and 2009; complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; and supply proof of estimated tax payments for his 2010 tax year. Ms. Macaulay enclosed copies of the notices of deficiency mailed to petitioner on February 16, 2010.

On March 22, 2011, petitioner mailed a response to Ms. Macaulay's letter of February 23, 2011. Petitioner informed Ms. Macaulay that he would be unable to participate in the March 29, 2011, conference call and again requested a face-to-face hearing. He also requested that Ms. Macaulay provide various documentation, including: proof that petitioner received the notices of deficiency; copies of respondent's assessment of petitioner's tax liability for each of the years in issue; and copies of the rules and procedures governing collection due process hearings. By letter dated April 5, 2011, Ms. Macaulay again explained to petitioner that he

was ineligible for a face-to-face hearing because his account was still not current. She gave petitioner 14 days to reschedule a telephone conference. On April 27, 2011, petitioner sent Ms. Macaulay another letter again requesting a face-to-face hearing and the documentation he had requested in his March 22, 2011, letter. In that letter, he denied ever having received a notice of deficiency for any of the years in issue.

On May 5, 2011, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with respect to the years in issue. Petitioner timely filed his petition in this Court, in which he contends that he never received the notices of deficiency and is therefore entitled to challenge his underlying liabilities.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The moving party bears the burden of demonstrating that no genuine issue of

material fact exists and that the moving party is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we must consider the factual materials and the inferences drawn from them in the light most favorable to the nonmoving party. See Bond v. Commissioner, 100 T.C. 32, 36 (1993); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Section 6330(a)(1) provides that no levy may be made on any property or right to property of any person unless the Commissioner has notified such person in writing of the right to a hearing under section 6330 before such levy is made. The notice must include in simple and nontechnical terms the right of the person to request a hearing to be held by the Internal Revenue Service Office of Appeals. Sec. 6330(a)(3). Section 6330(c) governs the conduct of a requested hearing. At the hearing, the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). Section 6330(c)(2)(B) further provides that the person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute

the tax liability. Under section 6330(c)(2)(B), the receipt of a notice of deficiency, not its mailing, is the relevant event. Kuykendall v. Commissioner, 129 T.C. 77, 80 (2007); Conn v. Commissioner, T.C. Memo. 2008-186.

Respondent included among the attachments to his motion for summary judgment a declaration by the settlement officer who handled petitioner's case in the Appeals Office, copies of the notices of deficiency for the years in issue, and the envelopes that respondent contends contained the notices of deficiency mailed to petitioner on February 16, 2010. The faces of the envelopes show that they were returned to respondent marked "unclaimed". Accordingly, there is no dispute that petitioner did not actually receive the notices of deficiency. Because it is undisputed that petitioner did not actually receive the notices of deficiency, he would normally have been entitled to challenge the underlying tax liabilities at the section 6330 hearing. See Kuykendall v. Commissioner, 129 T.C. 77; Conn v. Commissioner, T.C. Memo. 2008-186.

Even if the taxpayer did not actually receive the notice of deficiency, we have held that the taxpayer cannot dispute the underlying tax liability where the taxpayer deliberately refused delivery of the notice of deficiency. Sego v. Commissioner, 114 T.C. 604 (2000). However, if the evidence is insufficient to show that a taxpayer deliberately refused delivery of the notice of deficiency,

proof that the notice of deficiency was not actually received entitles a taxpayer to dispute the underlying tax liability in a section 6330 proceeding. Barnes v. Commissioner, T.C. Memo. 2010-30; Calderone v. Commissioner, T.C. Memo. 2004-240; Tatum v. Commissioner, T.C. Memo. 2003-115.

Because the instant case is before us on respondent's motion for summary judgment, we view all facts and make all inferences in the light most favorable to petitioner. Respondent contends that petitioner deliberately refused delivery of the notices of deficiency, but petitioner denies that he refused delivery. In similar cases where there was no evidence that the taxpayer deliberately refused delivery of the notices of deficiency, we have denied the Commissioner's motions for summary judgment because we concluded that there was a genuine issue of material fact. See Barnes v. Commissioner, T.C. Memo. 2010-30; Powers v. Commissioner, T.C. Memo. 2009-229. Similarly, we conclude that there is a genuine issue of material fact as to whether petitioner deliberately refused delivery. Consequently, we will deny respondent's motion for summary judgment. However, we note that, although we will deny respondent's motion for summary judgment because we conclude that there are genuine issues of material fact and we are obliged to view the facts in the light most favorable to petitioner as the nonmoving party, at the trial we will decide the issue of whether petitioner deliberately refused the notices of

deficiency on the preponderance of the evidence.  In a similar case where we denied the Commissioner's motion for summary judgment, we held in the Commissioner's favor after examining all of the evidence and weighing the taxpayer's testimony elicited at trial.  See Cyman v. Commissioner, T.C. Memo. 2009-144; see also Sego v. Commissioner, 114 T.C. at 611 (concluding, contrary to taxpayer's testimony, that taxpayer deliberately ignored notices of attempted delivery and that such behavior was tantamount to refusal of delivery); Carey v. Commissioner, T.C. Memo. 2002-209 (concluding, contrary to taxpayer's testimony, that facts and circumstances suggested that taxpayers refused notices of deficiency).  But see Tatum v. Commissioner, T.C. Memo. 2003-115 (concluding on basis of taxpayers' credible testimony that they did not receive notice of attempted delivery and did not deliberately refuse delivery of  notice of deficiency).

Petitioner is not a stranger to the Tax Court.  He has previously appeared before us in the case at docket No. 21555-05.  In that case, he similarly contended, among other arguments that we deemed to be frivolous and groundless, that he had not received a statutory notice of deficiency.  In the instant case, respondent has moved for the Court to impose a penalty pursuant to section 6673.  Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not

in excess of $25,000 whenever it appears to this Court:  (a) the proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies.  We have already imposed a penalty pursuant to section 6673 of $2,500 on petitioner in the case at docket No. 21555-05.  Although today we deny, without prejudice, respondent's motion for the imposition of another section 6673 penalty, we take this opportunity to warn petitioner that if, after trial, we conclude that he is again pursuing frivolous or groundless arguments or that he has instituted this case primarily for delay, we will not hesitate to impose a significantly higher penalty.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.