T.C. Memo. 2013-57

UNITED STATES TAX COURT

ALFRED Q. CAMPBELL III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13687-11L.              Filed February 21, 2013.

Alfred Q. Campbell III, pro se.

<u>Martha Jane Weber</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent issued petitioner a Notice of Determination

Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of

determination).  In response to the notice of determination, petitioner timely filed a

[*2] petition pursuant to section 6330(d).[1]  At trial, respondent conceded that the amount of the estimated tax penalty for 2001 is not $2,492, the amount that respondent originally assessed, and that the correct amount is $946.  The issues that we have been asked to decide are:  (1) whether petitioner is precluded from contesting his underlying Federal income tax liabilities for his 2001, 2002, 2003, 2004, 2005, 2006, and 2007 tax years; and (2) whether the Appeals Office abused its discretion in sustaining respondent's collection actions.

FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated and are incorporated in this opinion by reference and are found accordingly.  Additionally, some of the background information set forth in our prior Memorandum Opinion, Campbell v. Commissioner, T.C. Memo. 2012-82, is restated below and now found as facts.  At the time of filing the petition, petitioner resided in Tennessee.

Petitioner failed to file income tax returns for his 2001, 2002, 2003, 2004, 2005, 2006, and 2007 tax years (years in issue).  Respondent therefore prepared a substitute for return with respect to each of the years in issue.  On February 16, 2010, via certified mail, respondent mailed to petitioner a notice of deficiency with

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended (Code) and in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** respect to each of the years in issue (collectively, notices of deficiency). As shown on the U.S. Postal Service (USPS) Form 3877, respondent mailed separate copies of the notices of deficiency to petitioner's post office box and to his street address in Cordova, Tennessee. The post office box address is the address petitioner used in his correspondence with the Appeals Office and with this Court.

On February 18, 2010, Henry Allen Quarles, a mail carrier for the USPS who testified at trial, unsuccessfully attempted to deliver the certified mail to petitioner's street address. According to the USPS.com "Track & Confirm" printout in the trial record, Mr. Quarles prepared a USPS Form 3849, Delivery Notice/Reminder/Receipt,[2] and placed it on top of petitioner's mail in his mailbox. Although a second Form 3849 was issued, petitioner did not claim the certified mail, and on March 15, 2010, it was marked "unclaimed" and returned to respondent.

Also on February 18, 2010, Lucy Burch, a sales service associate at the USPS office in Cordova, Tennessee, who testified at trial, prepared a USPS Form 3849 and placed it in petitioner's post office box, alerting him to pick up certified mail sent from the Internal Revenue Service (IRS). On or about

---

[2]The USPS Form 3849 is bright orange and lists the date of attempted delivery, the sender of the mail, and the location from which the recipient may pick up the mail.

[*4] February 25, 2010, Ms. Burch prepared a USPS Form 3849 and placed it in petitioner's post office box because he had not yet retrieved the certified mail. Petitioner did not retrieve the certified mail, and on March 15, 2010, it was marked "unclaimed" and returned to respondent.

On or about November 22, 2010, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, advising him that respondent intended to levy to collect his unpaid tax liabilities, penalties, and interest for the years in issue, which at the time totaled almost $800,000. On December 21, 2010, petitioner requested a collection due process hearing by submitting to respondent a completed Form 12153, Request for a Collection Due Process or Equivalent Hearing.

On February 23, 2011, Settlement Officer Darlene Macaulay mailed petitioner a letter informing him that she had scheduled a telephone conference for March 29, 2011. She advised petitioner that, although he had requested a face-to-face hearing, he was ineligible for a face-to-face hearing because his account was not current and because he had not supplied the information required for the Appeals Office to consider a collection alternative. Ms. Macaulay advised petitioner that, if he wished the Appeals Office to consider collection alternatives, he needed to: (1) file his tax returns for 2007, 2008, and 2009; (2) complete a

**[\*5]** Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; and (3) supply proof of estimated tax payments for his 2010 tax year. The letter also informed petitioner that because he had failed to claim the notices of deficiency respondent mailed, he had already forfeited his opportunity to contest the underlying liabilities. Ms. Macaulay enclosed copies of the notices of deficiency that were initially mailed to petitioner on February 16, 2010.

On March 22, 2011, petitioner mailed a response to Ms. Macaulay's letter of February 23, 2011. Petitioner informed Ms. Macaulay that he would be unable to participate in the March 29, 2011, conference call and again requested a face-to-face hearing. He also requested that Ms. Macaulay provide various documentation, including: (1) proof that he had received the notices of deficiency; (2) copies of respondent's assessment of his tax liability for each of the years in issue; and (3) copies of the rules and procedures governing collection due process hearings. By letter dated April 5, 2011, Ms. Macaulay again explained to petitioner that he was ineligible for a face-to-face hearing because his account was still not current. She gave petitioner 14 days to reschedule a telephone conference. On April 27, 2011, petitioner sent Ms. Macaulay another letter requesting a face-to-face hearing and the documentation he had requested in his March 22, 2011,

[*6] letter. In that letter, he denied ever having received a notice of deficiency for any of the years in issue.

On May 5, 2011, the Appeals Office mailed to petitioner the notice of determination, which stated that respondent would proceed with collection of deficiencies with respect to the years in issue. Petitioner timely filed his petition in this Court, in which he contends that he never received the notices of deficiency and is therefore entitled to challenge his underlying liabilities.

OPINION

I.      Standard of Review

We have jurisdiction over this matter because petitioner filed a timely petition for review in response to respondent's valid notice of determination to proceed with collection. See sec. 6330(d)(1). If the validity of the underlying tax liability is not properly in issue, we will review the Commissioner's administrative determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). However, where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Id.

II.     Petitioner's Challenge to Underlying Liabilities

Section 6330(a)(1) provides that no levy may be made on any property or right to property of any taxpayer unless the Commissioner has notified such

**[*7]** taxpayer in writing of the right to a hearing under section 6330 before such levy is made. The notice must include in simple and nontechnical terms the right of the taxpayer to request a fair hearing to be held by an impartial officer of the Appeals Office. Sec. 6330(a)(3), (b).

Section 6330(c) governs how a collection due process hearing is conducted. Section 6330(c)(1) requires the Appeals officer to obtain verification that applicable legal requirements and/or administrative procedure have been met. At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). However, the taxpayer may not raise issues relating to the underlying tax liability if the taxpayer has received a notice of deficiency or the taxpayer otherwise had an opportunity to dispute the tax liability. See sec. 6330(c)(2)(B).

Petitioner asserts that he never had an opportunity to dispute the existence or amounts of the underlying tax liabilities for the years in issue. He contends that he never received notices of deficiency for the years in issue. Respondent contends that the notices of deficiency were properly mailed by certified mail to petitioner's addresses but that petitioner did not claim the notices after several

[*8] attempts at delivery by the USPS. We must consider whether the fact that the notices were unclaimed means that petitioner "did not receive any statutory notice of deficiency * * * or did not otherwise have an opportunity to dispute such tax liability." See sec. 6330(c)(2)(B).

Under section 6330(c)(2)(B), the receipt of a notice of deficiency, not its mailing, is the relevant event. Kuykendall v. Commissioner, 129 T.C. 77, 80 (2007); Conn v. Commissioner, T.C. Memo. 2008-186, 2008 WL 2986391, at *2; Tatum v. Commissioner, T.C. Memo. 2003-115, 2003 WL 1918914, at *3. However, a taxpayer may not avoid actual receipt by deliberately refusing delivery. Sego v. Commissioner, 114 T.C. 604, 610-611 (2000). A taxpayer who refuses delivery of a notice of deficiency is deemed to have received the notice. Id.; Rivas v. Commissioner, T.C. Memo. 2012-20, 2012 WL 141745, at *4. The Court's determination of whether a taxpayer has received a notice of deficiency so as to preclude a challenge to the underlying tax liability under section 6330(c)(2)(B) is made "[o]n the preponderance of the evidence". Sego v. Commissioner, 114 T.C. at 611; see also Casey v. Commissioner, T.C. Memo. 2009-131, 2009 WL 1606226, at *4; Figler v. Commissioner, T.C. Memo. 2005-230, 2005 WL 2444045, at *4.

**[\*9]**   In the absence of clear evidence to the contrary, the presumptions of official regularity and delivery justify the conclusion that the statutory notice was sent and that attempts to deliver were made.  See Sego v. Commissioner, 114 T.C. at 611. The Commissioner generally has prevailed in foreclosing challenges to the underlying liability under section 6330(c)(2)(B) where he establishes that a notice of deficiency was mailed to the taxpayer's last known address and no factors are present that rebut the presumption of official regularity and of delivery.  Cyman v. Commissioner, T.C. Memo. 2009-144, 2009 WL 1748863, at \*4; see, e.g., Sego v. Commissioner, 114 T.C. at 611; Clark v. Commissioner, T.C. Memo. 2008-155, 2008 WL 2471865, at \*3-\*4.  A taxpayer's self-serving testimony that he did not receive the notice of deficiency, standing alone, is generally insufficient to rebut the presumption.  See Klingenberg v. Commissioner, T.C. Memo. 2012-292, 2012 WL 5035605, at \*5; Casey v. Commissioner, 2009 WL 1606226, at \*4; cf. Devlin v. Commissioner, T.C. Memo. 2012-145, 2012 WL 1842441, at \*3 n.8 (a taxpayer's testimony may be sufficient if particularly credible or supported with additional evidence).

The Commissioner bears the burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed.  Coleman v. Commissioner, 94 T.C. 82, 90 (1990); August v. Commissioner, 54 T.C. 1535,

**[\*10]** 1536-1537 (1970).  The act of mailing may be proven by documentary evidence of  mailing or by evidence of the Commissioner's mailing practices corroborated by direct testimony.  Coleman v. Commissioner, 94 T.C. at 90.  In appropriate circumstances, a USPS Form 3877 is sufficient to show that a notice of deficiency was sent and delivery was attempted.  United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Sego v. Commissioner, 114 T.C. at 611; Figler v. Commissioner, 2005 WL 2444045, at \*3.  The Court of Appeals for the Sixth Circuit, the court in which any appeal in this case would be heard, has held that the USPS Form 3877 is highly probative evidence that the notice of deficiency was sent by certified mail and in the absence of contrary evidence is sufficient to establish that fact.  Wiley v. United States, 20 F.3d 222, 227 (6th Cir. 1994); Kamps v. Commissioner, T.C. Memo. 2011-287, 2011 WL 6220044, at \*3.  Respondent has provided a USPS Form 3877 as proof that notices of deficiency for the years in issue were sent via certified mail to petitioner's street address in Cordova, Tennessee, and to his post office box address.  The USPS Form 3877 correctly lists both addresses for petitioner and the date of mailing as February 16, 2010.  The USPS Form 3877 creates a presumption of mailing absent evidence to the contrary. At the collection due process hearing and at trial, petitioner failed to present any evidence to dispute mailing.

**[*11]** Additionally, respondent relies on the testimony of two USPS employees regarding procedures employed when a USPS branch office receives certified mail. Regarding certified mail addressed to a street address, Mr. Quarles, a USPS rural letter carrier for 12 years at its office in Cordova, Tennessee, testified that certified mail is given to the letter carrier by the office's accountable clerk after the letter carrier signs for it. Once the letter carrier arrives at the recipient's address, the carrier scans the certified mail and attempts delivery. If the recipient is not home, the letter carrier again scans the certified mail to signify delivery has been attempted and then prepares a USPS Form 3849 to inform recipient of the date of attempted delivery, the sender of the certified mail, and instructions to pick up the certified mail. The USPS Form 3849 is placed on top of the mail in the mailbox and the certified mail is returned to the USPS office. If the recipient does not pick up the mail, a second notice is prepared and left in the recipient's mailbox.

Regarding certified mail addressed to a post office box, Ms. Burch, a USPS sales service associate and post office box clerk for 14 years at its office in Cordova, Tennessee, testified that certified mail is initially given to the post office box clerk by the office's accountable clerk. The post office box clerk scans the certified mail and then prepares a USPS Form 3849 and places it in the recipient's

**[\*12]** post office box to inform the recipient of certified mail to be picked up. If the recipient does not pick up the certified mail within five days, a second USPS Form 3849 is prepared and left in the post office box. The second USPS Form 3849 informs the recipient that it is a final notice and of the date the certified mail will be returned.

Mr. Quarles and Ms. Burch both testified that, on February 18, 2010, the USPS office in Cordova, Tennessee, attempted delivery of two certified mailings from respondent, one addressed to petitioner's street address and another to his post office box. The USPS ultimately returned the mailings to respondent on March 15, 2010. Both USPS employees testified that the Cordova office always followed USPS procedures, including the preparation and delivery of multiple USPS Forms 3849 at each of petitioner's addresses. They also testified that, regarding either petitioner's post office box or his street address, petitioner never suspended service or complained about not receiving his mail. Mr. Quarles testified that he did not recollect mail ever piling up unclaimed in petitioner's mailbox at his street address.

We find both USPS employees to be credible witnesses, and we conclude that their testimony, coupled with the USPS Form 3877, establishes a presumption of official regularity and delivery of the notices of deficiency to petitioner.

[*13] Consequently, we conclude that the notices of deficiency were sent and that delivery was attempted by the USPS and refused by petitioner. See Sego v. Commissioner, 114 T.C. at 611.

Petitioner contends that Mr. Quarles and Ms. Burch testified regarding only general USPS procedures and not the specific procedures followed when the USPS office in Cordova received petitioner's mail from respondent. We disagree. Absent clear evidence to the contrary, employees of the USPS are presumed to properly discharge their official duties. United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926); Carey v. Commissioner, T.C. Memo. 2002-209, 2002 WL 1906445, at *4. Petitioner's naked allegations do not constitute clear evidence to rebut this presumption. Petitioner did not testify as to whether he received the USPS Forms 3849 or why he failed to pick up the certified mail after being notified of its arrival. During cross-examination of the USPS employees at trial, petitioner attempted to suggest that the USPS Forms 3849 might have been lost in the large volume of mail or because of mishandling, but he provided no evidence to support those suggestions. The USPS left a total of four USPS Forms 3849 at two different addresses for petitioner, one of which was the address petitioner used in correspondence with the Appeals Office and with this Court. The USPS office in Cordova, Tennessee, held the certified mail for nearly a month. It is unlikely

[*14] that all four Forms 3849 were lost, mishandled by the USPS, or overlooked by petitioner for the entire month. Petitioner's contentions are neither compelling nor convincing, and they do not rebut the presumption that the USPS employees properly discharged their official duties.

Petitioner, relying on Barnes v. Commissioner, T.C. Memo. 2010-30, 2010 WL 610674, also contends that respondent failed to provide any evidence that he "deliberately refused to claim" the notices of deficiency. We believe that petitioner's reliance on Barnes is mistaken. Barnes was before the Court on the Commissioner's motion for summary judgment. The Court denied the Commissioner's motion because the taxpayer had not been given an opportunity to testify at trial and the record did not include a USPS Form 3877, which would constitute documentary evidence of the fact and date of mailing. Id., 2010 WL 610674, at *5; see also Klingenberg v. Commissioner, 2012 WL 5035605, at *5. Thus, the Court found that, when the facts were viewed in a light most favorable to the taxpayer, there was a genuine issue of material fact as to whether the taxpayer had deliberately refused delivery. Barnes v. Commissioner, 2010 WL 610674, at *4.

In contrast, the instant case is no longer before us on a motion for summary judgment and we decide it after trial on a preponderance of the evidence, which

[*15] includes a USPS Form 3877 and testimony from two USPS employees. Indeed, in our previous opinion we warned petitioner of the distinction between a motion for summary judgment and a trial and noted several opinions where the Court denied the Commissioner's motion for summary judgment but held in the Commissioner's favor after a trial. See Campbell v. Commissioner, 2012 WL 967660, at *3. Petitioner was given an opportunity to testify at trial, and he failed to take advantage of that opportunity. On the preponderance of the evidence, we find that petitioner either refused or deliberately failed to claim delivery of the notices of deficiency for the years in issue and is, therefore, in either case, deemed to have received them. Accordingly, the Appeals Office correctly determined that petitioner was precluded from challenging the underlying tax liabilities at a section 6330 hearing, see Sego v. Commissioner, 114 T.C. at 611; Rivas v. Commissioner, 2012 WL 141745, at *5, and his underlying tax liabilities are not properly before the Court, see Sego v. Commissioner, 114 T.C. at 611; Cyman v. Commissioner, 2009 WL 1748863, at *5.

III.   Review of Respondent's Notice of Determination

Because the validity of the underlying tax liability is not properly at issue, we will review respondent's administrative determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at

**[\*16]** 181-182. In reviewing for abuse of discretion, we will reject the determination of the Appeals Office only if petitioner proves that the determination was arbitrary, capricious, or without sound basis in fact or law.[3] See Rule 142(a); Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). We do not substitute our judgment for that of the Appeals Office, and we do not decide independently whether we believe the levy should be withdrawn. See Murphy v. Commissioner, 125 T.C. at 320. Instead, we consider whether, in the course of making its determination, the Appeals Office (1) verified that the requirements of applicable law and administrative procedures have been met, (2) considered any relevant issue raised by the taxpayer that relates to the unpaid tax or the proposed levy, and (3) determined whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(1)-(3).

Petitioner contends that the Appeals Office wrongfully denied petitioner's request to challenge the underlying liabilities or to discuss collection alternatives at a face-to-face collection due process hearing. As we discussed above, the

[3]Petitioner has not raised sec. 7491, and, therefore, we will not consider the issue. Consequently, petitioner bears the burden of proof. See Rule 142(a).

[*17] Appeals Office correctly determined that petitioner was precluded from challenging the underlying tax liabilities at a section 6330 hearing.  Regarding collection alternatives, requests for a face-to-face collection due process hearing in order to discuss a collection alternative "will not be granted unless other taxpayers would be eligible for the alternative in similar circumstances."  Sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.  To be eligible for a collection alternative, the taxpayer must provide required returns, make required deposits of tax, and provide requested financial information, including Form 433-A, to the Appeals Office.  Id.; see also Rivas v. Commissioner, 2012 WL 141745, at *6; Williams v. Commissioner, T.C. Memo. 2008-173, 2008 WL 2834275, at *9.  Petitioner never presented any collection alternatives or satisfied respondent's requests for him to:  (1) complete and submit a Form 433-A; (2) file delinquent tax returns for 2007, 2008, and 2009; or (3) supply proof of estimated tax payments for his 2010 tax year.  Accordingly, the Appeals Office did not abuse its discretion in denying petitioner a face-to-face collection due process hearing under such circumstances.

Finally, in his petition, petitioner contends that respondent did not inform him of his rights or provide him with requested documents, including:  (1) proof that he received the notices of deficiency; (2) a copy of respondent's assessment of

**[*18]** his tax liability for each of the years in issue; and (3) copies of the rules and procedures governing collection due process hearings. However, petitioner fails to provide credible evidence to support his contention. It is well settled that the Appeals Office is not required "to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedures have been met." Nestor v. Commissioner, 118 T.C. 162, 166 (2002). Nonetheless, on February 23, 2011, Settlement Officer Macaulay in the Appeals Office informed petitioner as to why he could not challenge the underlying liabilities or schedule a face-to-face collection due process hearing and what information petitioner needed to submit for the Appeals Office to consider collection alternatives. On the same date, Ms. Macaulay sent petitioner copies of his notices of deficiency for the years in issue. Accordingly, we find petitioner's contention to be without merit.

Petitioner has not advanced any argument or introduced any evidence that would allow us to conclude that the determination to sustain the levy was arbitrary, capricious, or without sound basis in fact. The Appeals Office correctly precluded petitioner from challenging the underlying liabilities. Petitioner did not comply with Ms. Macaulay's requests to submit tax returns, make estimated tax payments, or submit a Form 433-A or any other financial information, or otherwise offer a reasonable collection alternative. The Appeals Office

[*19] determined that the requirements of applicable law and administrative procedure were met and concluded that the proposed levy appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the levy action.  Therefore, we hold that the Appeals Office did not abuse its discretion when it issued a notice of determination upholding the proposed levy action.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.