**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2015-55

UNITED STATES TAX COURT

KURT H. HABEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9852-14S L.                          Filed September 8, 2015.

Kurt H. Haben, pro se.

Alexander R. Roche, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

<span style="float:right;">(continued...)</span>

any other court, and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) Office of Appeals (Appeals Office) issued to petitioner a notice of determination sustaining a proposed levy to collect penalties assessed against him pursuant to section 6672 for the taxable periods ending June 30, 2009, September 30, 2009, and September 30, 2012 (periods at issue). Petitioner invoked the Court's jurisdiction by filing a timely petition for review of the determination pursuant to section 6330(d). Petitioner resided in Illinois when the petition was filed.

The issues for decision are: (1) whether petitioner may contest his liability for the section 6672 penalties in dispute; (2) if so, whether he is liable for the section 6672 penalties; and (3) if not, whether the Appeals Office abused its discretion in determining to proceed with the proposed levy action.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

---

[1](...continued)
Revenue Code, as amended and in effect at all relevant times. Monetary amounts are rounded to the nearest dollar.

## I. Petitioner's Background

Petitioner earned a bachelor's degree from DePaul University and a master's degree from Rosary College. He is a certified public accountant. From 1986 until December 2012 petitioner was employed by American Consolidated Transportation Cos., Inc. (ACTC). For much of that time, and during the periods at issue, he served as ACTC's comptroller.

## II. Corporate Structure

ACTC is a holding company for several subsidiary corporations, including Central States Coach Repairs, Inc. (CSCR). Karen Bingham is the majority owner and chief executive officer of ACTC and its subsidiary corporations.

## III. Bankruptcy Proceedings

Beginning in 2006 and in the years that followed ACTC lost several important contracts. As its revenues declined, ACTC experienced financial difficulties and was unable to pay amounts due on certain bank loans. In July 2009 ACTC and CSCR filed for bankruptcy. CSCR subsequently failed to pay over to the IRS Federal employment taxes for the periods at issue.

## IV. Investigation and Assessment of Section 6672 Penalties

Revenue Officer Jennifer Gardner (RO Gardner) investigated CSCR's failure to pay over its employment taxes. On December 13, 2012, she interviewed

petitioner and Ms. Bingham to determine whether they should be considered "responsible persons" subject to the provisions of section 6672. RO Gardner provided petitioner with Notice 609, Privacy Act Notice, and Notice 784, Could You Be Personally Liable for Certain Unpaid Federal Taxes? RO Gardner considered petitioner to be combative during the interview and, when the interview was completed, he declined to sign Form 4180, Report of Interview with Individual Relative to Trust Fund Recovery Penalty or Personal Liability for Excise Taxes. Petitioner resigned his position at ACTC on December 19, 2012.

On January 15, 2013, the IRS mailed to petitioner a Letter 1153, Trust Fund Recovery Penalty Letter, stating that the IRS proposed to assess section 6672 penalties against him as a person who failed to pay over CSCR's employment taxes. The Letter 1153 described how petitioner could challenge the proposed assessments by submitting to the Appeals Office a formal written protest. The Letter 1153 was sent to petitioner at his home address--a residence that he shared with his wife and son. Petitioner does not dispute that the IRS sent the Letter 1153 by certified mail to his correct last known address.

Bill Walsh, the U.S. Postal Service (USPS) letter carrier who delivered mail to petitioner's address in early 2013, testified at trial and described in detail the USPS procedures that he followed in attempting to deliver the Letter 1153 to

petitioner. In accordance with USPS procedures and consistent with notations that he placed on the envelope in which the Letter 1153 was mailed to petitioner, Mr. Walsh first attempted to deliver the letter at petitioner's residence on January 17, 2013. When no one answered the door, however, he placed a USPS Form 3849, Delivery Notice/Reminder/Receipt, in petitioner's mailbox notifying him that the USPS had attempted to deliver an item of certified mail from the IRS and that he could visit his local post office to take delivery of the item or call the post office to request that the item be redelivered. Although Mr. Walsh left two additional Forms 3849 in petitioner's mailbox on January 22 and February 1, 2013, petitioner did not appear at the post office to pick up the item, nor did he call to request that the item be redelivered. The USPS subsequently returned the envelope bearing the Letter 1153 to the IRS marked in relevant part "RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD".

Petitioner testified that he did not receive any Forms 3849 from the USPS in early 2013 and that he was unaware that the IRS had proposed to assess section 6672 penalties against him. Petitioner further testified that he may have been traveling away from home when the USPS attempted to deliver the Letter 1153, and he speculated that Mr. Walsh may have placed the Forms 3849 in the wrong mailbox.

## V. Collection Activities

The record includes Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, summarizing activities in petitioner's accounts for the periods at issue. The account transcripts show that on April 12, 2013, respondent assessed the section 6672 penalties in dispute and sent to petitioner notices of the amounts due for each period and demand for payment.

Petitioner testified that he first learned that the section 6672 penalties had been assessed when the IRS notified him that it would withhold a Federal income tax refund that he had claimed for 2012. The record shows that on April 15, 2013, the IRS applied petitioner's overpayment of $2,273 for 2012 to offset a portion of the section 6672 penalty assessed for the taxable period ending June 30, 2009.[2]

On September 30, 2013, the IRS sent to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing notifying him that he owed section 6672 penalties and related interest totaling $31,022 for the periods at issue and that the IRS proposed to collect the amount due by way of a levy action. Petitioner submitted to the Appeals Office a timely request for an administrative

---

[2]The record does not reflect when petitioner was actually notified that his refund for 2012 had been withheld and so applied.

hearing asserting that he should not be held responsible for CSCR's failure to pay over its employment taxes.

During the course of the Appeals Office administrative hearing, petitioner maintained that he was not liable for the section 6672 penalties at issue. The Appeals Office determined, however, that petitioner had failed to take advantage of a prior opportunity to challenge the assessments in question, and, therefore, he could not contest the existence or amount of his liabilities during the administrative hearing. Petitioner did not offer an alternative to or otherwise challenge the appropriateness of the proposed levy action.

On April 10, 2014, the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy action. Petitioner filed with the Court a timely petition for review of the determination, continuing to press his claim that he is not liable for the section 6672 penalties at issue.

Discussion

## I. Section 6672 Trust Fund Recovery Penalties

Employers are required to withhold, and subsequently pay over to the IRS, Federal income and employment taxes from the wages of their employees. See secs. 3102(a), 3202(a), 3402(a)(1), 3403. In accordance with section 7501(a),

employment taxes are held to be a special fund in trust for the United States and consequently are referred to as "trust fund taxes". See Slodov v. Commissioner, 436 U.S. 238, 242-243 (1978); Pollock v. Commissioner, 132 T.C. 21, 25 n.10 (2009).

### A. Responsible Person

Section 6672(a) provides in relevant part that any person who is required to collect, truthfully account for, and pay over any tax imposed in title 26 and who willfully fails to do so is liable for a penalty equal to the amount of tax not accounted for and paid over. The term "person" is defined in section 6671(b) and includes any officer or employee of a corporation who is charged with performing the duties described in section 6672(a). Such persons are referred to as "responsible persons", and the term may be broadly applied. Mason v. Commissioner, 132 T.C. 301, 321 (2009).

### B. Assessment of Section 6672 Penalties

Pursuant to section 6672(b)(1), the Commissioner normally may not assess a penalty unless he first notifies the responsible person of the proposed assessment either in person or by written notice sent by mail to the person's last known addresses. See Mason v. Commissioner, 132 T.C. at 317-318; Obiakor v. Commissioner, T.C. Memo. 2015-112. A Letter 1153 provides a responsible

person with notice of a proposed assessment under section 6672 and an opportunity to protest the matter with the Appeals Office. Mason v. Commissioner, 132 T.C. at 317.

As previously mentioned, petitioner maintains that he was not a responsible person who willfully failed to pay over employment taxes of CSCR. The Court may consider this issue, however, only if we conclude that petitioner was entitled to contest his liability for the section 6672 penalties at issue during the Appeals Office administrative hearing.

## II. Administrative Hearings and Judicial Review Under Section 6330

Section 6331(a) authorizes the Secretary to levy upon the property and the property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment is made. The levy authorized by section 6331(a) may be made with respect to unpaid tax only if the Secretary has given written notice to the taxpayer no less than 30 days before the levy. Sec. 6331(d). Section 6330(a) requires that the written notice include the amount of the unpaid tax and information about the taxpayer's right to an administrative hearing.

If the taxpayer requests an administrative hearing, the Appeals Office is charged with conducting the hearing. Sec. 6330(b)(1). In rendering an administrative determination in a collection review proceeding under section

6330, the Appeals Office must verify that the requirements of any applicable law and administrative procedure have been met in processing the taxpayer's case. Sec. 6330(c)(1), (3)(A). The Appeals Office also must consider any issues raised by the taxpayer relating to the collection action, including offers of collection alternatives, relevant spousal defenses, and challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A), (3)(B). A taxpayer may also challenge the existence or amount of his or her underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the taxpayer's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

Section 6330(d)(1) grants this Court jurisdiction to review the administrative determination made by the Appeals Office. If the taxpayer's underlying tax liability is properly in dispute, the Court will review the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at issue, the Court will review the determination for abuse of discretion. Id. at 182; see also Sego v. Commissioner, 114 T.C. 604, 610 (2000). An abuse of discretion occurs if the

Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

III. Whether Petitioner May Contest His Liability for Section 6672 Penalties

Petitioner contends that he was entitled to contest his liability for the section 6672 penalties before the Appeals Office because he did not receive the Letter 1153 that the IRS mailed to him on January 15, 2013. Respondent contends that he properly sent the Letter 1153 by certified mail and that petitioner in effect turned his back on the opportunity to contest the proposed assessments by declining to claim his mail. The Court has previously held that a taxpayer may not deliberately refuse to accept delivery of a Letter 1153 (or a notice of deficiency) and nevertheless maintain that he or she did not have a prior opportunity to dispute the underlying liability within the meaning of section 6330(c)(2)(B). See Giaquinto v. Commissioner, T.C. Memo. 2013-150; see also Campbell v. Commissioner, T.C. Memo. 2013-57.

Bill Walsh, the USPS letter carrier responsible for delivering petitioner's mail in early 2013, described the USPS procedures that he followed in attempting to deliver the Letter 1153 to petitioner. Mr. Walsh impressed the Court as a forthright and credible witness. The record shows that Mr. Walsh left Forms 3849 in petitioner's mailbox on January 17, January 22, and February 1, 2013,

informing him that an item of certified mail from the IRS was being held for him at the local post office.

Like the taxpayer in Giaquinto v. Commissioner, at *13, petitioner was fully aware that the IRS was evaluating whether he should be considered a responsible person under section 6672.  RO Gardner had informed petitioner of this fact when she interviewed him in December 2012, she characterized petitioner as "combative" during the interview process, and she noted that he declined to sign Form 4180 summarizing the substance of the interview.

Petitioner failed to offer a persuasive explanation why he did not receive any of the three Forms 3849 that Mr. Walsh left in his mailbox.  Although petitioner vaguely suggested that he may have been traveling away from home in early 2013 or that Mr. Walsh may have placed the Forms 3849 in the wrong mailbox, he did not offer any objective evidence in support of either proposition. Considering all the facts and circumstances, the Court concludes that petitioner deliberately failed to claim the Letter 1153.  In accordance with section 6330(c)(2)(B), it follows that petitioner was precluded from contesting his liability for the section 6672 penalties at issue during the Appeals Office administrative hearing.

IV. <u>Review for Abuse of Discretion</u>

Because petitioner's underlying liability is not properly at issue, we review the Appeals Office's determination to proceed with the proposed levy action for abuse of discretion. The record shows that the Appeals Office properly verified that the requirements of applicable law and administrative procedure were met in processing petitioner's case. <u>See</u> sec. 6330(c)(1), (3)(A). Petitioner did not offer a collection alternative (such as an installment agreement or an offer-in-compromise) or otherwise challenge the appropriateness of the collection action. <u>See</u> sec. 6330(c)(2)(A), (3)(B). And in the absence of a financial statement or similar information from petitioner, we are satisfied that the Appeals Office balanced the need for efficient collection against concerns that collection be no more intrusive than necessary. <u>See</u> sec. 6330(c)(3)(C). On this record, we conclude that the Appeals Office did not abuse its discretion in determining to proceed with the proposed levy action.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.