# United States Tax Court

T.C. Summary Opinion 2023-26

NUNTIYA SRIPA,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 10244-22SL.                              Filed August 7, 2023.

————

Nuntiya Sripa, pro se.

*Ian T. Rossi* and *Nina P. Ching*, for respondent.

## SUMMARY OPINION

WEILER, *Judge*: This case was brought pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

This is a collection due process (CDP) case in which petitioner seeks review pursuant to sections 6320 and 6330 of a determination by the Internal Revenue Service (IRS or respondent) Independent Office of Appeals (Appeals) upholding a proposed levy collection action for the 2016 tax year.

Respondent has filed a Motion for Summary Judgment under Rule 121, contending that there are no disputes of material fact and that

————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

the settlement officer (SO) did not abuse her discretion in sustaining the proposed levy. Petitioner filed a Response to respondent's Motion. For the reasons set forth below, the Court will grant respondent's Motion.

*Background*

The following facts are derived from the parties' pleadings; the Declaration filed with, and Exhibits attached to, respondent's Motion; and petitioner's Response thereto.

On the basis of third-party reporting the IRS Automated Underreporter Program issued petitioner a Notice CP2000, dated October 22, 2018, indicating that petitioner underreported her income by $10,712 for the 2016 tax year and was liable for an accuracy-related penalty. The letter instructed petitioner to file a response by November 21, 2018, if she did not agree with the proposed changes. After receiving no response from petitioner, respondent issued her a notice of deficiency on March 25, 2019, determining an income tax deficiency of $8,318 and an accuracy-related penalty under section 6662(a) of $1,664 for the 2016 tax year. Petitioner never petitioned this Court for redetermination of the deficiency and the accuracy-related penalty.

On August 16, 2021, in an effort to collect petitioner's unpaid liability for the 2016 tax year, the IRS Automated Collection Support Unit (ACS Unit) sent her Notice CP90, Notice of Intent to Seize Your Assets and of Your Right to a Hearing. On September 1, 2021, petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a CDP or equivalent hearing. On the Form 12153 petitioner checked the "offer in compromise" box as a collection alternative and requested discharge of the lien.[2] Under the section titled "Other," petitioner noted that she had received notices from respondent indicating she had underreported income for multiple tax years and that respondent, through the IRS Taxpayer Advocate Service (TAS), had corrected the "mistake" for every tax year except 2016, the year at issue in this case. The holder of petitioner's power of attorney, David Falda, represented petitioner in working with TAS and was able to successfully eliminate her liabilities for tax years 2015 and

---

[2] Petitioner's requested discharge of a lien seems to be in error. From our review of the record, it does not appear that the Commissioner filed a lien against petitioner's property.

2017.[3] However, Mr. Falda was not successful in eliminating the liability owed for the 2016 tax year.

The ACS Unit received the Form 12153 on September 9, 2021. By letter dated March 1, 2022, the ACS Unit acknowledged receipt of petitioner's Form 12153 dated September 1, 2021, and advised that her CDP hearing request is being forwarded to Appeals. In this acknowledgment the ACS Unit also noted to petitioner that it had yet to receive Form 656, Offer in Compromise, and advised that she should submit a complete Form 656–B, Offer in Compromise Booklet. A referral request was also prepared from the ACS Unit on March 2, 2022, to Appeals indicating that petitioner was disputing the tax liability and intended to make an offer-in-compromise based on doubt as to liability.

Appeals SO Annmarie McVicar was assigned to petitioner's CDP hearing. SO McVicar reviewed petitioner's administrative file and verified that all requirements of applicable law and administrative procedure had been satisfied.

On March 10, 2022, SO McVicar sent petitioner a Letter 4837, scheduling a telephone CDP hearing for April 7, 2022. SO McVicar informed petitioner that she would need to submit within 14 days (1) a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals,[4] and (2) a completed Form 656, along with any documentation required for its completion. A copy of this letter was also sent to Mr. Falda. Petitioner failed to submit either of the requested forms to SO McVicar.

During the CDP hearing petitioner was represented by Mr. Falda. Mr. Falda indicated to SO McVicar that he and petitioner had been working with TAS to resolve multiple tax years, but they had not yet been successful in resolving the liability for the 2016 tax year. SO McVicar explained to Mr. Falda that petitioner was precluded from contesting the underlying tax liability for 2016 because she had failed to petition this Court following receipt of the notice of deficiency back in

---

[3] Petitioner discusses resolutions through negotiations with the TAS for tax years 2015 and 2017 but does not mention resolutions for any other years.

[4] It is not clear from the record why the SO requested a financial statement from petitioner, Form 433–A, rather than Form 656–L, Offer in Compromise (Doubt as to Liability), when the ACS Unit had advised Appeals that petitioner intended to submit an offer-in-compromise based on doubt as to liability. We find this oversight to be ultimately irrelevant since petitioner failed to submit any type of offer.

2019. Mr. Falda then indicated that petitioner had not received the notice of deficiency. However, SO McVicar's case activity log indicates that the notice of deficiency was attached to petitioner's submission of Form 12153. Additionally, respondent has provided a copy of the notice of deficiency, dated March 25, 2019, with petitioner's correct mailing address. Respondent provided U.S. Postal Service Form 3877, the certified mailing list for the notice of deficiency dated March 20, 2019, from the IRS Detroit Computing Center confirming that the notice of deficiency was mailed to petitioner's current address.

Moreover, during the CDP hearing Mr. Falda represented that petitioner was not interested in a collection alternative; instead, petitioner sought to have the 2016 liability redetermined. Following the CDP hearing on April 13, 2022, SO McVicar issued a notice of determination sustaining the IRS's proposed collection action, and petitioner timely petitioned this Court for redetermination.

In her Petition, petitioner does not allege an abuse of discretion by SO McVicar; rather, she requests that this Court remove the "erroneous" 2016 assessment. In her First Amendment to Petition, and in her Response to respondent's Motion for Summary Judgment and the associated Declaration, petitioner provides further documentation to support her argument that the 2016 assessment is incorrect.

*Discussion*

I.  *General Principles*

A.  *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001); *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute of material fact, and a decision may be rendered as a matter of law. Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). However, it is not a substitute for trial; it should not be used to resolve genuine disputes over material factual issues. *Elec. Arts, Inc.*, 118 T.C. at 238. When determining whether to grant summary judgment, we must view factual materials and inferences drawn therefrom in the light most favorable to the nonmoving party. *See FPL Grp., Inc. & Subs.*, 116 T.C. at 75; *Bond v. Commissioner*, 100 T.C. 32, 36 (1993). The nonmoving party may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts

showing that there is a genuine dispute for trial. Rule 121(d); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

On the basis of the record in this case we conclude that there is no genuine dispute as to a material fact. Consequently, we may render a decision as a matter of law.

B.     *Standard of Review*

We have jurisdiction to review Appeals' determination pursuant to sections 6320(c) and 6330(d)(1). *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Where the underlying tax liability is not at issue, we review the determination of Appeals for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). In reviewing for abuse of discretion we must uphold Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy*, 125 T.C. at 320; *Taylor v. Commissioner*, T.C. Memo. 2009-27, 2009 WL 275721, at *9. We do not substitute our judgment for that of Appeals but consider "whether, in the course of making its determination, the Appeals Office complied with the legal requirements of an administrative hearing." *Charnas v. Commissioner*, T.C. Memo. 2015-153, at *7.

C.     *Underlying Liability*

During the CDP hearing and subsequently petitioner expressed her desire to dispute her 2016 tax liability, which gave rise to the collection action at issue in this proceeding. However, a taxpayer may challenge the existence or amount of her underlying tax liability only if she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B). Petitioner's underlying tax liability is not properly at issue before the Court since she was issued a notice of deficiency on March 25, 2019, concerning the 2016 tax year. *See id.*

Generally, the Commissioner has successfully shown that the taxpayer received the notice of deficiency, foreclosing an underlying liability challenge, when the notice was mailed to the taxpayer's last known address and there are no factors present that would rebut the presumption of delivery. *Sego*, 114 T.C. at 611; *Campbell v. Commissioner*, T.C. Memo. 2013-57, at *9. U.S. Postal Service Form 3877 is considered "highly probative" evidence that a notice of deficiency

was mailed to a taxpayer. *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984); *Sego*, 114 T.C. at 610–11.

The facts show that petitioner received the notice of deficiency, despite Mr. Falda's claim during the CDP hearing that petitioner had not. Respondent has provided a dated copy of the notice of deficiency properly addressed to petitioner at her last known address. U.S. Postal Service Form 3877, the certified mailing list for the notice of deficiency, indicates that the notice was mailed March 20, 2019, to petitioner at the same address. In petitioner's letter to TAS she signs the correspondence using this same address. On Form 12153 and her previously submitted Form 1040X, Amended U.S. Individual Income Tax Return, for the 2016 tax year petitioner used this same address as well. Additionally, the case activity log of SO McVicar indicates that Mr. Falda included a copy of the notice of deficiency with the submission of Form 12153. In her proceeding before us now petitioner does not contest receipt of the notice of deficiency.

On the basis of the foregoing, we find that SO McVicar correctly determined that petitioner was precluded from challenging her 2016 tax liability during the CDP hearing. Since the underlying liability is not properly at issue, we will accordingly review SO McVicar's actions for abuse of discretion. *See* I.R.C. § 6330(c)(2)(B); *Goza,* 114 T.C. at 182.

II.     *Abuse of Discretion*

In deciding whether SO McVicar abused her discretion by sustaining the proposed levy action, we consider whether she (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3); *see also* I.R.C. § 6320(c). Our review of the record establishes that SO McVicar satisfied all of these requirements.

A.     *Verification*

Before issuance of a notice of determination Appeals must verify that all requirements of applicable law and administrative procedure have been met. *See* I.R.C. § 6330(c)(1), (3)(A). We have authority to review an SO's satisfaction of the verification requirement regardless of whether the taxpayer raised the issue at the CDP hearing. *Kidz Univ.,*

*Inc. v. Commissioner*, T.C. Memo. 2021-101, at \*10 (citing *Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011)).

Petitioner does not allege in her Petition that SO McVicar failed to satisfy this requirement and has set forth no specific facts in support of such a claim. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); *Rockafellor v. Commissioner*, T.C. Memo. 2019-160, at \*12. In any event and on the basis of the record before us we find that SO McVicar satisfied the verification requirement. *See* I.R.C. § 6330(c)(1).

### B. *Issues Raised*

The sole issue raised at the CDP hearing was the 2016 tax liability, which petitioner was precluded from challenging. Petitioner declined to pursue a collection alternative with SO McVicar despite previously proposing to make an offer-in-compromise on Form 12153. Petitioner never submitted the requested Forms 433–A and 656 to SO McVicar, further demonstrating that petitioner decided to not seek a collection alternative with the IRS. Additionally, to the extent a financial statement (Form 433–A) was not required since petitioner needed to submit only Form 656–L when making an offer on the basis of doubt as to liability, the potential oversight by Appeals was harmless.[5] Respondent cannot be expected to review the appropriateness of a potential future offer-in-compromise when an offer is never submitted during the CDP hearing process. Thus, even if we were to assume SO McVicar did err in requesting that petitioner submit Form 433–A (regarding her financial information) along with Form 656, we find this error was harmless and did not affect SO McVicar's decision in this case because petitioner failed to submit any type of offer-in-compromise.[6]

---

[5] An error that does not cause prejudice or affect the ultimate determination in a case will be considered a harmless error. *Perkins v. Commissioner*, 129 T.C. 58, 70–71 (2007); *Estate of Mangiardi v. Commissioner*, T.C. Memo. 2011-24, *aff'd*, 442 F. App'x 526 (11th Cir. 2011).

[6] In any event the Commissioner cannot presume the type of offer-in-compromise a taxpayer intends to make. Therefore, the type of form requested by the ACS Unit and Appeals (656 vs. 656–L) is not controlling, since it was ultimately up to petitioner to choose whether to make an offer-in-compromise and for her to choose the type of offer to make.

An Appeals officer does not abuse her discretion when moving forward with the case after a taxpayer has been given an adequate amount of time to submit requested documents. *Pough v. Commissioner*, 135 T.C. 344, 351 (2010). Here, SO McVicar granted petitioner a reasonable amount of time to submit Form 656, but petitioner elected to not pursue an offer-in-compromise. Petitioner has not asserted, nor is there any basis in the record for the Court to conclude, that SO McVicar abused her discretion in sustaining the collection action.

C.  *Balancing*

Petitioner does not allege in her Petition, nor argue at any later point, that SO McVicar failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3)(C). Therefore, petitioner is deemed to have conceded this issue. *See* Rule 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at \*19. In any case, there is no evidence in the record suggesting to us that SO McVicar abused her discretion in finding that the balancing requirement in section 6330(c)(3)(C) was met.

III.  *Conclusion*

Finding no abuse of discretion, we will grant respondent's Motion for Summary Judgment and affirm Appeals' determination.[7]

We have considered all arguments made by the parties, and to the extent they are not addressed herein, we consider them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*

---

[7] We note that our decision does not rule on the underlying merits of petitioner's arguments since her underlying 2016 liability is not before us. Petitioner remains free to negotiate with the TAS or the IRS concerning the correctness of her liability for tax year 2016, including her right to submit a future collection alternative in the form of an offer-in-compromise or an installment agreement, supported by the requisite information.